SANDRA FINKENSTEIN *v.* ADMINISTRATOR,
UNEMPLOYMENT COMPENSATION ACT, ET AL.
(11316)

PETERS, HEALEY, PARSKEY, SHEA and SPONZO, Js.

Argued November 10, 1983—decision released January 24, 1984

*Bruce J. Batts,* for the appellant (plaintiff).

*Thadd A. Gnocchi,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (named defendant).

ARTHUR H. HEALEY, J. The plaintiff, Sandra Finkenstein, left her job as a dental assistant and receptionist on Monday, July 30, 1979, after a dispute with her employer concerning absenteeism and the procedure for reporting absences. Thereafter, the plaintiff applied for unemployment compensation benefits under General Statutes § 31-222 et seq. After an examination by a claims examiner designated by the administrator of the Unemployment Compensation Act (administrator),[1] the plaintiff was found to be entitled to unemployment benefits as it was determined that she did not leave her job voluntarily.[2] Her employer appealed that decision to an appeals referee who conducted a de novo hearing at which both the plaintiff and her employer par-

---

[1] General Statutes § 31-241 provides that initial determinations of eligibility for unemployment compensation are made by the administrator or a "representative designated by him . . . ."

[2] This initial determination was based upon an oral statement by the plaintiff and a one page written statement given by her employer.

ticipated and gave conflicting accounts of the events of July 30, 1979. The plaintiff claimed that she believed that based upon the oral exchange with her employer she had been fired. Her employer claimed that she did not fire the claimant, but told her that she would let her go on Friday, August 3, if she did not "shape up." Both parties agreed, however, that Bonnie Fitzgerald, a former co-worker of the plaintiff, could establish what took place between the plaintiff and her employer on July 30. The referee then continued the hearing for the purpose of obtaining testimony from Fitzgerald.

Subsequently, when the hearing was reconvened, the referee received testimony from Fitzgerald who stated that she overheard the conversation in question. She corroborated the employer's testimony regarding what she had said to the plaintiff. Fitzgerald testified that the employer told the plaintiff that she was giving her until Friday to "shape up." This co-worker also stated that she "really didn't know what to think" while hearing the conversation. She further testified that "the way that [the plaintiff] acted, I thought she was fired," but she also stated that her employer "liked [the plaintiff's] work and she'd given her so many . . . chances before [because the plaintiff] has been sick an awfully [sic] lot and she [the employer] liked [the plaintiff] a lot . . . . I knew she was going to keep [the plaintiff] on."[3]

The referee issued a written decision with findings of fact in which he concluded that the plaintiff left her work voluntarily, thus rendering her ineligible for unemployment compensation benefits. The plaintiff appealed this decision to the board of review (board) which, after reviewing the record before it, affirmed the referee's decision, adopting his findings of fact and decision as its own. The plaintiff then filed an appeal

---

[3] The information supplied by Fitzgerald to the referee at the de novo hearing was not presented to the initial claims examiner.

to the Superior Court and later moved the board to correct the findings of fact.[4] The board denied this motion. Subsequently, the plaintiff moved for judgment in the Superior Court and the administrator, through the attorney general,[5] filed a brief in opposition. The plaintiff filed a motion to strike this brief in which she claimed that the administrator could not oppose an award of benefits which he (the administrator) had originally awarded to the plaintiff. The court heard arguments by counsel for the plaintiff and the administrator on the plaintiff's motion to strike and her motion for judgment.[6] Thereafter, the court denied both motions and dismissed the plaintiff's appeal.

On this appeal, the plaintiff claims that the Superior Court erred: (1) in permitting the administrator to oppose the plaintiff's appeal notwithstanding his original decision granting unemployment compensation benefits to the plaintiff; and (2) in affirming the board's decision to deny benefits where there was no finding as to whether the plaintiff had reasonably believed that she had been discharged by her employer.[7] We find no error.

---

[4] Essentially, the plaintiff requested the board, after her appeal to the Superior Court, to correct the findings of fact to show that the plaintiff believed that she had been fired.

[5] General Statutes § 31-248 provides for the representation of the administrator by the attorney general in judicial proceedings.

[6] The employer did not participate in the Superior Court proceedings although an appearance was filed on her behalf by counsel.

[7] In her Superior Court appeal, the plaintiff requested the court to correct the board's findings of fact to establish: (1) that Fitzgerald " 'was certain that the claimant believed she had been fired and that [Fitzgerald's] memory as to the conversation between the [employer] and the plaintiff are [sic] unclear and that she only heard parts of the conversation' "; and (2) that her employer "failed to make her intentions clear to the [plaintiff] and that [her employer] lacked proficiency in the English language." The court rejected this request. Counsel for the plaintiff, at oral argument, however, conceded that this issue was abandoned on this appeal and we therefore do not address the propriety of that ruling.

## I

In support of her first claim, the plaintiff asserts that permitting the administrator to oppose her appeal after he initially found her to be entitled to unemployment benefits is foreclosed by the statutory scheme promulgated by the legislature. This claim does not withstand analysis.

The administrator is the labor commissioner. General Statutes § 31-222 (c). He is charged with the initial responsibility of determining whether claimants are entitled to unemployment benefits. General Statutes § 31-241. Upon the filing of a claim, the administrator or a representative (examiner) designated by him must examine the claim and "on the basis of the facts found by him," determine whether the claim is valid. Id. Such determinations are made after an evaluation of "evidence presented in person or in writing at a hearing called for such purpose." Id. This initial determination becomes final unless the claimant or the employer files an appeal within twenty-one days after notification of the determination is mailed. Id. Appeals are taken to the employment security appeals division which consists of a referee section and the board of review. General Statutes §§ 31-237a, 31-237b. The appeals division is "separate and apart from the administrator"; *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 2, 434 A.2d 293 (1980); and by statute the administrator is "deemed to be a party to any proceeding . . . before a referee, the board or any reviewing court." General Statutes § 31-249c.

The first stage of claims review lies with a referee who hears the claim de novo. The referee's function in conducting this hearing is to "make inquiry in such manner, through oral testimony or written and printed records, as is best calculated to ascertain the substan-

tial rights of the parties and carry out justly the provisions . . ." of the law. General Statutes § 31-244. This decision is appealable to the board of review. General Statutes § 31-249. Such appeals are heard on the record of the hearing before the referee although the board may take additional evidence or testimony if justice so requires. Id. Any party, including the administrator, may thereafter continue the appellate process by appealing to the Superior Court and, ultimately, to this court. General Statutes § 31-249b.

Important to our disposition of this issue is that on an appeal from an initial determination made by an examiner, a referee hears the claim de novo. Thus, the hearing before the referee is not a continuation of the proceeding before the examiner. The administrator, through his examiner, does not continue to act as an adjudicator, but is deemed a party to all appellate proceedings, having the correlative right to appeal the decision rendered pursuant to such proceedings. Inherent in the nature of de novo proceedings is that new or previously undiscovered facts or evidence may arise. Such information, had it been known at the stage of the proceedings before the examiner, certainly might have altered that determination regarding eligibility. It, therefore, follows that the information obtained from a de novo hearing might fairly alter the administrator's position concerning a claimant's eligibility. As a party to the proceedings with the right to appeal, the administrator must be able to oppose the initial determination based upon the facts revealed subsequent thereto. To do otherwise would leave the administrator bound to advocate a position which, based upon the de novo hearing, he now recognizes as erroneous and not in accordance with the eligibility provisions established by the legislature.

The plaintiff maintains, however, that regardless of the findings made from the de novo hearing, the con-

tinuous jurisdiction and stay provisions contained in General Statutes § 31-243[8] preclude the administrator from opposing her appeal. In construing this statute, we apply our well-established rule of statutory construction that in the absence of ambiguity, courts cannot read into statutes, by construction, provisions which are not clearly stated; *Point O'Woods Assn., Inc.* v. *Zoning Board of Appeals,* 178 Conn. 364, 366, 423 A.2d 90 (1979); but must ascribe plain and ordinary meaning to the language used. *Mazur* v. *Blum,* 184 Conn. 116, 118, 441 A.2d 65 (1981); *Jones* v. *Civil Service Commission,* 175 Conn. 504, 509, 400 A.2d 721 (1978). A legislative act must be read as a whole and "construed to give effect and to harmonize all of its parts." *Eighth Utilities District* v. *Manchester,* 176 Conn. 43, 50, 404 A.2d 898 (1978).

A limitation on the administrator's power to oppose this plaintiff's appeal does not exist in § 31-243. In essence, that section provides for continuous administrative jurisdiction over benefits and a stay of proceedings pending an appeal, and delineates certain conditions under which the administrator, as an adjudicator, may review an award of benefits and issue a

---

[8] General Statutes § 31-243 provides: "Jurisdiction over benefits shall be continuous but the initiating of a valid appeal under section 31-242 or the pendency of valid appellate proceedings under section 31-249 shall, if the appellate tribunal has taken jurisdiction, stay any proceeding hereunder, but only in respect to the same period and the same parties, but shall not cause the cessation of payment of benefits as provided by section 31-242. Upon his own initiative, or upon application of any party in interest, on the ground of a change in conditions, the administrator, or the examiner designated by him, may, at any time within six months after the date of the original decision, or within such other time limits as may be applicable under section 31-273, review an award of benefits or the denial of a claim therefor, in accordance with the procedure prescribed in respect to claims, and may issue a new decision, which may award, terminate, continue, increase or decrease such benefits. Such new decision shall be appealable under the provisions of section 31-242 within the time prescribed in section 31-241, and where the claimant has been free from fault, a redetermination or new decision shall not affect benefits paid under a prior order."

new decision. It is quite clear, however, that the administrator in this case has not exercised jurisdiction under § 31-243. He has not attempted to review this award or issue a new decision; rather, he has apprised the appellate authorities of his change in position regarding the plaintiff's eligibility and the rationale for that change. See General Statutes § 31-243. The administrator has acted only as a party, which he is deemed to be by statute, and not as an adjudicator. Thus, by its terms, § 31-243 does not preclude his action in opposition to this plaintiff's appeal. To reach a contrary conclusion we would have to ignore the plain language of § 31-243 as well as the related statutory provisions which expressly provide for the administrator to participate as a party in claims review proceedings.

The plaintiff also maintains that, even if the administrator may oppose her appeal, the basic principles of due process of law prohibit him from so doing without providing claimants with notice, a hearing, and the right to appeal. The plaintiff relies on *Shea* v. *State Employees' Retirement Commission,* 170 Conn. 610, 368 A.2d 159 (1976), as authority for this claim. Such reliance is misplaced.

In *Shea,* where we considered an agency's revocation of the granting of a claimant's application for disability retirement benefits, we held that, in the absence of notice or opportunity for a hearing, the claimant had been denied procedural due process. Id., 617. The plaintiff asks us to extend this rule to the administrator's actions subsequent to the de novo hearing before the referee. While the legislature may eventually deem it appropriate to provide claimants with such rights, we do not believe that the plaintiff in this case was denied due process of law as claimed. "[D]ue process requires that the procedure involved must be appropriate to the nature of the case." Id., 616–17, quoting *Hart Twin Volvo Corporation* v. *Commissioner of Motor Vehicles,*

165 Conn. 42, 45, 327 A.2d 588 (1973). There can be no real dispute that all of the parties in the proceedings below had adequate notice of the proceedings concerning the plaintiff's eligibility for unemployment benefits and an opportunity to be heard before a decision was rendered by the reviewing authorities. The plaintiff was adequately apprised of the issue to be determined or reviewed and she had an opportunity to present her position which she exercised through counsel in the board of review and Superior Court proceedings. Further, as stated above, in opposing the plaintiff's appeal, the administrator has merely acted as a party to the proceedings. Moreover, there is no indication in the record that after the de novo hearing, the plaintiff expected the administrator, as a party to the proceedings, to continue to advocate his initial position on the claimant's eligibility which had been rendered as an adjudicator through his examiner. Thus, we find that the plaintiff was not denied due process in the proceedings below.

## II

The plaintiff's second claim is that the Superior Court erred in affirming the board's decision to deny benefits where there was no finding on whether the plaintiff had reasonably believed that she had been fired by her employer. Because we find that this specific issue was not properly raised before the board of review, we will not address its merits.

We have stated previously that the Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review. *Burnham* v. *Administrator,* 184 Conn. 317, 321, 439 A.2d 1008 (1981). The court "is bound by the findings of subordinate facts and reasonable factual conclusions

made by the appeals referee where, as here, the board of review adopted the findings and affirmed the decision of the referee." Id., quoting *DaSilva* v. *Administrator,* 175 Conn. 562, 564, 402 A.2d 755 (1978). "Conclusions of law reached by the referee cannot stand, however, if the court determines that they resulted from an incorrect application of the law to the facts found or could not reasonably and logically follow from such facts. Although the court may not substitute its own conclusions for those of the referee, the court's ultimate duty is to decide whether the referee acted unreasonably, arbitrarily or illegally. *Guevara* v. *Administrator* [172 Conn. 492, 495, 374 A.2d 1101 (1977)]." *DaSilva* v. *Administrator,* supra, 564; see *Burnham* v. *Administrator,* supra, 322. Thus, we have recognized that our standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute. Id. Such claims have not been presented regarding the plaintiff's second claim of error.

In the plaintiff's appeal to the board of review, it reviewed the record upon which the referee rendered his decision and findings, as well as the brief which had been filed by the plaintiff's counsel. The brief indicated to the board the plaintiff's position that: (1) the referee's finding that she had left her job voluntarily was "unsupported by the record and thus erroneous"; (2) an employee who leaves a job reasonably believing that she has been fired cannot be charged with a voluntary quit; (3) the evidence indicated that the plaintiff reasonably believed she had been fired; and (4) since the referee's finding regarding the plaintiff's voluntary quit was erroneous, the presumption of nondisqualification had not been rebutted. We cannot find, and the plaintiff has not pointed to, anything in the record that can

fairly be interpreted as stating that which the claimant seeks us to address: that the referee erred in not making a specific finding.

We have recently expressed our disinclination to address matters not properly raised in the administrative forum and we reaffirm the principle that we will not set aside an agency's determination upon a ground not theretofore fairly presented for its consideration because such action on our part would deprive the agency of an opportunity to consider the matter, make its ruling, and set forth the reasons for its action. *Burnham* v. *Administrator,* supra, 323, citing *Unemployment Compensation Commission* v. *Aragon,* 329 U.S. 143, 155, 67 S. Ct. 245, 91 L. Ed. 136 (1946). We therefore will not address the merits of the plaintiff's second claim.

There is no error.

In this opinion PETERS, PARSKEY and SPONZO, Js., concurred.

SHEA, J. (concurring). I agree with part I of the opinion.

I agree with the result reached in Part II, but I do not understand why the claims in the brief that: "(1) the referee's finding that she had left her job voluntarily was 'unsupported by the record and thus erroneous' "; and "(2) an employee who leaves a job reasonably believing that she has been fired cannot be charged with a voluntary quit" are not sufficient to raise the claim of the absence of a finding as to whether the plaintiff reasonably believed she had been fired. Furthermore, we have not previously insisted that every claim of law to be raised in an appeal from an administrative agency first be presented to that agency. Such an additional procedural roadblock to the fair adjudication of issues on their merits is not to be found in the rules of prac-

tice; Practice Book §§ 511A through 519; and is especially inappropriate for the informal procedure which General Statutes § 31-244a[1] prescribes for hearings and appeals in unemployment compensation matters where claimants are frequently unrepresented by counsel.

I agree, however, that we should not review the claim on the merits, because the plaintiff never sought a specific finding upon the issue which she now claims it was necessary to resolve. Her motion to correct did not include any request for a finding upon the reasonableness of her belief that she had been fired. The motion did seek (1) a finding that the witness Fitzgerald "thought that the claimant had been fired and was certain that the claimant believed she had been fired"; and (2) a finding that the employer "failed to make her intentions clear to the claimant." It did not, however, request the referee to determine the issue of the reasonableness of the plaintiff's belief. Even if we were to assume that the motion impliedly made such a request, its denial would indicate that the referee found against her on the issue. The denial of the motion to correct does not appear to have been pursued in this appeal. See Practice Book § 518A.

---

[1] "[General Statutes] Sec. 31-244a. PROCEDURE ON APPEALS; HEARINGS; RULES OF EVIDENCE; RECORD. The conduct of hearings and appeals, including notice thereof, shall be in accordance with rules of procedure prescribed by the board. No formal pleadings shall be required, beyond such notices as the board provides for by its rules of procedure. The referees and the board shall not be bound by the ordinary common law or statutory rules of evidence or procedure. They shall make inquiry in such manner, through oral testimony and written and printed records, as is best calculated to ascertain the substantial rights of the parties and carry out justly the provisions of this chapter. A record shall be prepared of all testimony and proceedings at any hearing before a referee and before the board but need not be transcribed unless an appeal is taken from the referee's or board's decision, as the case may be."