[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present appeal involves the appellant, Wayne V. Coleman, who seeks unemployment compensation benefits for a period of time which occurred in 1989 after he left employment with Quaker Lane Shell. On November 16, 1989 the appellant appealed an Administrator's decision denying him unemployment compensation benefits which was based on the Administrator's finding that the appellant left suitable work voluntarily without sufficient job related cause. At the hearing on December 14, 1989 which the employer did not attend, the referee decided in the appellant's favor. The employer's motion CT Page 1442 to reopen the referee's decision was granted and a new hearing was held on January 30, 1990. The referee made a finding of fact and determination that the appellant left his job without sufficient cause connected with his work. The referee therefore affirmed the Administrator's denial of benefits. The referee made the following findings of fact and decision:
FINDINGS OF FACT
1. The claimant appealed the Administrator's ruling which denied him unemployment compensation benefits. In that ruling, the Administrator concluded the claimant suitable work voluntarily without sufficient job-connected cause.
2. The claimant worked as a cashier at Quaker Lane Shell from August 26, 1989 until October 22, 1989 when he left voluntarily.
3. On October 16, 1989, the claimant allowed a customer into the cashier's booth to use a telephone after she was involved in a motor vehicle accident.
4. When the General Manager recognized an unauthorized person came into the booth, he displayed a handgun and the bullets for the gun. The claimant was threatened by this display.
5. On October 22, 1989, the employer found the claimant's receipts were $100.00 short.
6. The claimant's receipt had been short in the past.
7. On one occasion when there was a considerable shortage, the matter was resolved when the claimant recognized he had failed to report returned cigarettes to the employer.
8. The claimant made no attempt to resolve the shortage or even discuss the matter with the employer, choosing to leave abruptly.
DECISION
Sec. 31-236 (a)(2)(A) of the Connecticut Unemployment Compensation Law provides that an individual shall be ineligible for benefits if it is found that he had left suitable work voluntarily and without sufficient cause connected with his work, until such individual has earned at least ten times his benefit rate, provided no individual shall be ineligible for benefits if he leaves suitable work for sufficient cause connected with his work, including leaving as CT Page 1443 a result of changes in conditions created by his employer.
The claimant quit his job at Quaker Lane Shell on October 22, 1989 after his cash receipts were determined to be short by $100.00.
The employer did not accuse the claimant of taking the money, but only questioned the shortage.
On an earlier occasion, a shortage was resolved when the claimant remembered he had returned cigarettes to the vendor.
Since the recognition of the shortage was just part of the regular daily routine and since it didn't include any accusations of the claimant's impropriety, the claimant's leaving, as a consequence, is seen as without sufficient job-connected cause.
The determination of the Administrator denying benefits is, hereby, AFFIRMED.
The claimant's appeal in this matter is dismissed.
On February 9, 1990, the appellant filed an appeal to the Board of Review. On March 28, 1990 the Board or Review affirmed the decision of the referee and dismissed the appeal. The Board stated in its decision that it had reviewed the record and agreed with the referee's finding that the appellant failed to prove that his job was unsuitable or that he had sufficient cause for leaving it. The Board therefore adopted the referee's finding of fact and decision as its own.
On April 9, 1990, the appellant filed an appeal to the superior court claiming that he had good cause for leaving his employment. On November 30, 1990, the Administrator of the Unemployment Compensation Act filed a motion for judgment dismissing the plaintiff's appeal.
The motion for judgment is presently before this court.
"[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104, 112 (1984). Furthermore, "[t]he court is bound by the findings of subordinate facts and reasonable factual conclusions made by findings and affirmed the decision of the referee." Finkenstein, at 112-13 (citations omitted). CT Page 1444
Conn. Gen. Stat. 31-249b provides that any party may appeal to the superior court from a decision made by the board of review. This section states that "any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Conn. Practice Bk. 519 provides inter alia:
 The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses.
 [A]dministrative appeals brought under General Statutes 31-249b, insofar as they relate to factual findings, are limited to a review of the record certified and filed by the board of review. The scope of such judicial review is in turn limited to the question whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion.
Fellin v. Administrator, 196. Conn. 440.
 III.
Conn. Gen. Stat. 31-236 (a)(2)(A) provides that "[a]n individual shall be ineligible for benefits. . . if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work. . . ." After a January 30, 1990 hearing at which both parties were present the referee concluded that the appellant left his job without sufficient job-connected cause. The Board of Review reviewed this decision along with the record and adopted the referee's finding of fact and decision. It is concluded that the agency decisions contain sufficient justification for the determination that the appellant left his employment voluntarily and not "for cause" as the term is used in Conn. Gen. Stat. 31-236 (a)(2)(A). The agency decisions were not arbitrary, unreasonable, or illegal. It is therefore held that the appellee's motion to dismiss is granted and the appellant's appeal is dismissed. CT Page 1445
STENGEL, J.