[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This habeas corpus petitioner was released from a correctional facility on February 4, 1991 under the Correction Department's "Community Release" Program. As a condition of his entry into the program, he signed "Conditions of Release" (Exhibit C). These conditions include:
 #7 — I will abide by all conditions of my release. Failure can result in reincarceration and disciplinary sanctions. #14 — I will notify my supervising officer within 24 hours of any changes in my place of residence. #9 — I agree that I am guilty of Escape in the First Degree if I escape from a community residence to which I was transferred pursuant to subsection (e) of Section 18-100.
The petitioner missed 8 appointments, moved from his residence without notifying his parole officer and for some 60 days his whereabouts was unknown to his parole officer. The petitioner apparently became aware that he was being sought, as notes had been left at and mail sent to the residence address most likely to result in his learning of the parole officer's concerns. The petitioner testified that he indeed called the parole officer and when he was advised that he faced reincarceration for being CT Page 10086 arrested on a new charge, stated he "wasn't going to go back to jail for protecting himself." He further stated he never returned to his parole officer and never gave him an address. The parole officer then applied for a warrant charging the petitioner with Escape in the First Degree.
When the petitioner was presented on the escape charge, he had also accumulated other criminal charges and he agreed to a package disposition by which he received concurrent sentences and a modest additional 6 months for the plea to the escape.
In this proceeding he seeks to vacate the plea and sentence on the escape charge. In his brief he apparently abandons the original basis for this action to the effect that his failure or failures to report could not be the grounds for the escape charge. At that point, he relied on our Supreme Court's decision in State v. Lubus, 216 Conn. 402 (1990) in which a single failure to report was found not to constitute an "escape" under Sec. 53a-169 (a)(2).
That is not the issue in this case. This petitioner not only failed to report 8 times, but he vacated his residence without advising his parole officer and his whereabouts was unknown for a period in excess of 60 days.
The petitioner in his brief argues that he was not released to "an approved community residence" but to a private housing unit where he was not supervised by correction department personnel and thus was free to move as he wished.
He also claims that his actions did not constitute an escape in that he did not "abscond" or flee the jurisdiction (the court has no evidence either way on this latter point).
An examination of the decision in State v. Lubus, supra, provides the response to both issues raised by the petitioner.
First, as to the argument that one must flee or abscond, at page 409, the court notes:
 "These various subsections of 53a-169 represent two decades of legislative redefinition of the crime of `escape' to accommodate the needs of changing rehabilitation practices and prison overcrowding. The unifying overall theme of 53a-169 is that an individual will risk punishment for `escape' for an unauthorized departure from, or failure to return to, whatever may be designated as his place of incarceration or confinement. That theme illuminates the meaning of 53a-169 (a)(2). See CT Page 10087 Hayes v. Smith, 194 Conn. 52, 58, 480 A.2d 425
(1984); Finklestein v. Administrator, 192 Conn. 104, 110, 470 A.2d 1196 (1984).
 Read in context, 53a-169 (a)(2) simply identifies another environment — a community residence — from which an unauthorized departure, or to which a failure to return, is possible and made culpable. The subsection does not, in this one instance, impose criminal sanctions for an `escape' that has no do demonstrated custodial nexus."
The "community residence" in Lubus was his own home. Id., at 405. This petitioner was released to what was at the time his home. The court, after rejecting the single failure to report as the basis for an escape charge, goes on to say:
 "We conclude rather, that 53a-169 (a)(2) employs the term `escape' to contemplate an unauthorized departure from, or failure to return to, a `community residence.' We need not decide today whether, at some juncture, repeated failures to report as scheduled would reasonably support an inference of present or imminent custodial irregularity and thus evidence a violation of 53a-169 (a)(2). A single failure to report cannot, however, reasonably be construed as an unauthorized departure or failure to return.
Implicit in the court's decision is its rejection of the petitioner's other claim, that because he was not in a supervised setting, but a private residence, 53a-169 (a) ((2) would not apply.
The court concludes that 8 failures to report, coupled with a 60 day absence from his residence and the failure to indicate his whereabouts, "reasonably support an inference of present or imminent custodial irregularity and thus evidence a violation of Sec. 53a-169 (a)(2). Id., at 409.
The petition is dismissed.
ANTHONY V. DeMAYO, JUDGE