[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a statutory appeal concerning unemployment compensation pursuant to 31-249b of the Connecticut General Statutes. The Administrator granted the plaintiff's application for benefits. Thereafter the plaintiff's employer appealed. The Appeals Referee conducted a hearing de novo, made findings of fact and reversed the initial determination of the Administrator. The plaintiff appealed that decision to the Board of Review. The Board adopted the findings of the Referee and affirmed her decision. The plaintiff now appeals the decision of the Board CT Page 7828 to this court.
The Superior Court in hearing an unemployment compensation appeal does not hear the case de novo. The function of the court is to sit as an appellate court in reviewing the record certified to it by the Board of Review. Finkenstein v. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). The court is bound by the findings of fact and reasonable conclusions of fact of the Board adopted from the Referee in making its determination as to whether the decision of the Board is arbitrary, unreasonable or illegal. Those legal conclusions of the Board must stand if they result from a correct application of the law to the findings of fact and could reasonably follow from the findings. Robinson v. Unemployment Security Board of Review, 181 Conn. 1, 4-5, 434 A.2d 293 (1980).
The appeals Board upheld the Referee's findings that the plaintiff voluntarily left his employment in order to relocate to Seattle, Washington, and that he was not facing certain or imminent discharge when he left his employment.
Connecticut General Statutes 31-236(a)(2)(A) requires sufficient job related cause for leaving employment in order to be eligible for benefits. In 1985, the Connecticut Legislature amended the unemployment compensation laws and eliminated the right of employees to recover benefits where they voluntarily left their employment due to their decision to relocate. See, Valentino v. Administrator, Docket No. 378583, Superior Court, Judicial District of New Britain at Hartford, November 7, 1990.
The plaintiff also claims that he was deprived of a full and fair opportunity to present his case and that the Referee was not impartial. The Board found no evidence to support this claim. It found that the Referee assisted the plaintiff in presenting his claim and afforded the plaintiff an opportunity to make a closing statement. This court must defer to the findings of fact and reasonable conclusions of fact of the Board adopted from the Referee. Robinson v. Unemployment Security Board of Review, 181 Conn. 1, 4-5, 434 A.2d 293 (1980).
The plaintiff correctly asserts that his employer was obligated to hold a position open for him upon his return from military service. However, the Referee found that the plaintiff left his employment due to a voluntary decision to relocate to Seattle, not because the employer had no position for him. The Referee's finding is confirmed by the plaintiff's statement in his appeal to the Review Board, wherein he admits "I decided it would be in my best interest to go back home to Seattle, to have a home to stay in with my father. I stopped by [Employer] on my way home to tell them I was going back to Seattle." CT Page 7829
Based on the foregoing, the appeal is dismissed.
By The Court: Aurigemma, J.