[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 8921
This is a statutory appeal concerning unemployment compensation pursuant to 31-249b of the Connecticut General Statutes. The Administrator denied the plaintiff's application for benefits. Thereafter the plaintiff appealed. The Appeals Referee conducted a hearing de novo, made findings of fact and affirmed the initial determination of the Administrator. The plaintiff appealed that decision to the Board of Review. The Board adopted the findings of the Referee and affirmed her decision. The plaintiff now appeals the decision of the Board to this court.
The Superior Court in hearing an unemployment compensation appeal does not hear the case de novo. The function of the court is to sit as an appellate court in reviewing the record certified to it by the Board of Review. Finkenstein v. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). The court is bound by the findings of fact and reasonable conclusions of fact of the Board adopted from the Referee in making its determination as to whether the decision of the Board is arbitrary, unreasonable or illegal. Those legal conclusions of the Board must stand if they result from a correct application of the law to the findings of fact and could reasonably follow from the findings. Robinson v. Unemployment Security Board of Review, 181 Conn. 1, 4-5, 434 A.2d 293 (1980).
The appeals Board upheld the Referee's findings that the plaintiff voluntarily left her employment in order to relocate to Maine with her husband.
Connecticut General Statutes 31-236(a)(2)(A) requires sufficient job related cause for leaving employment in order to be eligible for benefits. In 1985, the Connecticut Legislature amended the unemployment compensation laws and eliminated the right of employees to recover benefits where they voluntarily left their employment due to their decision to relocate. See Valentino v. Administrator, Docket No. 378583, Superior Court, Judicial District of New Britain at Hartford, November 7, 1990.
Based on the foregoing, the conclusion that the plaintiff did not have good cause required by the statute for leaving her job such that she qualified for benefits was not arbitrary, unreasonable or illegal. Therefore, the appeal must be dismissed. CT Page 8922
BY THE COURT, AURIGEMMA, J.