[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff in this matter appeals the decision of the Board of Review denying her application for benefits.
The court in hearing an unemployment compensation appeal does not hear the case de novo, the court is bound by the Board's findings of fact adopted from the referee. Finkenstein v. Administrator, 192 Conn. 104, 112 (1984). CT Page 8395
The Board upheld the referee's findings that the plaintiff left her job to relocate to Florida with her husband who had lost his job in Connecticut. The plaintiff's letters, communications with the referee and board create a very sympathetic picture. However, 31-236(a)(2)(A) requires job-related cause for leaving employment before a person is entitled to benefits. Section 31-236(a)(2)(A) provides in relevant part:
 An individual shall be ineligible for benefits (2)(A) if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with work unless such individual has earned at least ten times his benefit rate . . . . (emphasis added).
Perhaps as the plaintiff Ms. Swwain [Swain] suggests, the statute should be changed to reflect harsh economic times when pressures on family units caused by unemployed members of the family force the family to relocate. The court, however, must interpret the law and cannot rewrite our statutes.
The plaintiff also claims the statute as it operates in her case and those similarly situated is unconstitutional. Austin v. Berryman, 862 F.2d 1051, 1054 (CA4, 1988) has held that statutes like ours cannot be said to be unconstitutional in that it does not "`directly and substantially' interfere with the fundamental right to marry, or the fundamental right to live together as a family." id. at page 1055. It may depend on how one defines the word substantial but at least the Connecticut statute appears facially constitutional since it serves a valid state interest. Nothing in this record would permit the court to conclude that the statute as it operates places an unconstitutional burden on the plaintiff and others in her situation. It was the plaintiff's burden to provide that record.
The appeal is therefore dismissed.
Corradino, J. CT Page 8396