[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a ruling of the Employment Security Board of Review disqualifying the plaintiff from receiving unemployment compensation benefits. The record certified to this court shows the Administrator granted the plaintiff-claimant's application for benefits. The Appeals Referee conducted a hearing de novo, made findings of fact and affirmed the initial determination of the Administrator. The employer appealed that decision to the Board of Review. The Board modified the findings of the Appeals Referee and reversed her decision. The Board also denied a motion to reopen filed by the plaintiff. The Plaintiff appealed the Board's decision to this court.
This court in hearing an unemployment compensation appeal does not hear the case de novo. The function of this court is to sit as an appellate court in reviewing the record certified to it by the Board of Review. Finkenstein v. Administrator,192 Conn. 104 (1984). This court is bound by the findings of fact and reasonable conclusions of fact of the Board in making its determination as to whether the decision of the Board is arbitrary, unreasonable or illegal. Robinson v. Unemployment Security Board of Review, 181 Conn. 1 (1980).
Although the Board of Review normally decides an appeal on the basis of the existing record, the Board may take additional evidence if the findings are incomplete on a factual issue material to the case. Conn. Agencies Regs. 237 g-40(a)(1).
A review of the certified record reveals under the caption Notice of Intent to Supplement the Record the CT Page 1531 following paragraph:
 With its appeal, the employer has submitted employee time sheets for the weeks of June 2, 1990 through July 20, 1990, a compilation of hours worked by its employees for the weeks May 4, 1990, through July 20, 1990, and handwritten requests for time off from work. The Board intends to supplement the record with these documents.
The reason given by the Board for allowing this was that "although the documents had been submitted with the employer's appeal, they had not been made a part of the record." (Board of Review decision p. 1).
A review of the transcript of the hearing before the Employment Security Appeals Referee reveals the following:
 The referee at page 5 states, "I'll be making my decision based solely on the testimony that's placed on the record today and any records that are placed on the record today." The referee states at page 11, "and then there's this mailed in supplement from the employer and there's no Employer's statement and there is just the decision of the administrator in fact."
The employer had not appeared before the Examiner whose decision the employer was now appealing before the Appeals Referee.
 The referee states at p. 12, "I'll mark it as Administrator's Exhibit 3 and enter it in the record." Following this statement by the referee the Reporter records in a parenthetical entry the following: (Whereupon, the fact-finder's report, with the Administrator's decision was received and marked into evidence as Administrator's Exhibit 3).
As can be seen from this transcript the mailed in supplement from the employer was not made a part of the record by the Appeals Referee since an exhibit number was not assigned to it. At this hearing before the Appeals Referee the employer did appear and was represented by counsel. At the time the exhibits were marked there was no request by the CT Page 1532 employer's attorney to have the employer's mailed-in material to the Administrator marked as an exhibit by the Appeals Referee, if indeed he felt he had the basis for having them marked as a full exhibit at this point. Nor did the employer's attorney at any time during the course of the hearing before the Appeals Referee offer the supplement into evidence or attempt to put any part of the information contained in the mailed in material before the Appeals Referee through testimony of the employer's representative who was present and did offer evidence.
The Board of Review's position as to presenting evidence or witnesses not offered at the Appeals Hearing is clearly articulated in its decision of May 15, 1993 denying plaintiff-claimant's Motion to Reopen its own decision. This position was that such evidence will not be received unless "you have good cause for your failure." It cannot be said that that standard was applied to the employer's offer of additional evidence from the Appeals Referee's decision.
The Board appears to have taken the position that this supplemental information from the employer was already before the Appeals Referee but had somehow not gotten into the record certified to it. This is clearly not the case. The Appeals Referee had none of this supplemental information before her not thru any inadvertence of her part but because the employer at that time chose not to offer it into evidence. To offer the employer a second bite of the apple at this time is patently unfair.
The decision of the Board of Review is set aside and the decision of the Appeals Referee is reinstated.
Mary R. Hennessey, Judge