[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, John D. McMahon, filed a claim for unemployment compensation benefits against his former employer, United States Surgical Corporation (U.S. Surgical). McMahon claimed that he left his employment with U.S. Surgical as a salesman for job-related reasons in that he had the opportunity to work as a salesman for an auto dealer with possible higher compensation, and therefore was entitled to benefits. U.S. Surgical contends that McMahon quit his job because he had been offered higher compensation as an auto salesman, and hence was ineligible for unemployment benefits. The administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., denied McMahon's application for unemployment compensation benefits on the basis that he had voluntarily ceased employment for reasons not related to his employment.
McMahon appealed this determination to the Employment Security Appeals Division pursuant to General Statutes §§ 31-241
and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether McMahon quit his job voluntarily or whether he left for CT Page 4078 sufficient job-related reasons. The referee made the following factual findings: (1) that McMahon had worked for U.S. Surgical for about two years as a customer service representative; and (2) that he left his employment to accept a job as an automobile salesman which he believed would be more remunerative. The referee concluded that McMahon voluntarily left his employment for personal reasons, and without any cause or reason connected with his job at U.S. Surgical. Thus, the claimant was found to be ineligible for benefits, and the administrator's decision denying benefits was affirmed by the referee.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the Employment Security Appeals Division Board of Review (Board of Review), on the ground that he had left U.S. Surgical for job-related reasons. The Board of Review concluded that McMahon voluntarily and intentionally left his employment for personal reasons, and thus affirmed the referee's decision denying benefits to the plaintiff.
The plaintiff appeals to this court, pursuant to General Statutes § 31-249b, contending that he did not quit his job voluntarily and therefore is eligible for benefits. It should be noted at this point that this court's role in reviewing a decision of the Board of Review is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Bennett v. Administrator. UnemploymentCompensation Act, 34 Conn. App. 620, 626, 642 A.2d 743 (1994); see also Acro Technology v. Administrator, 25 Conn. App. 130,134, 593 A.2d 154 (1991). Moreover, the construction placed upon a statute or regulation by the agency that is responsible for its enforcement and administration laws is entitled to great deference. Griffin Hospital v. Commission on Hospitals HealthCare, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed,479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see alsoMiller v. Administrator, 17 Conn. App. 441, 446, 553 A.2d 633
(1989).
In reviewing the decision of the Board of Review in this case, General Statutes § 31-249b, must also be considered which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." This section of the Practice Book provides in pertinent part that: "(a) . . . [t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the CT Page 4079 board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses . . . (b) [c]orrections by the court of the boards's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
In the present case, the Board of Review determined that plaintiff quit his job voluntarily. The conclusion of the plaintiff's ineligibility for benefits based on the plaintiff's voluntary termination of employment is within the competence of the Board of Review and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, UnemploymentCompensation Act, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
General Statutes § 31-236(a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without sufficient cause connected with his work." See also Regs., Conn. State Agencies § 31-236-17(a). Section 31-236-18 of the Regulations of Connecticut State Agencies defines "voluntary leaving" as committing "the specific intentional act of terminating [one's] own employment." Section31-236-19 of the Regulations states that in order to find that one left for reasons connected with his work, it must appear that the reason for leaving relates to "wages, hours or any working conditions." General Statute § 31-236(b) further provides, however, that a person is eligible for benefits "if he leaves suitable work (i) for sufficient cause connected with his work, including leaving as a result of changes in conditions created by his employer . . . ." See also Regs., Conn. State Agencies § 31-236-17(b)(1). Section 31-236-22 of the Regulations provides that a determination that an individual voluntarily left suitable work for sufficient cause connected with his work must be based on a CT Page 4080 finding, among other things, that the employer changed a working condition agreed upon when the employee was hired; or that working conditions imposed by the employer were changed during the course of employment and that such change had a "significantly adverse effect upon the individual;" or that working conditions endangered the employee's health. In addition, subsection (2) provides that, except for changes at the time of hire, in order to qualify for benefits under this section, an individual must have "expressed his dissatisfaction regarding the working condition to his employer and unsuccessfully sought a remedy through those means reasonably available to him before leaving his employment."
The Board of Review found that McMahon intentionally left his employment in order to procure a better paying position with an automobile dealer, and that he did not leave for sufficient cause related to his work. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Internal quotation marks and citations omitted.) Acro Technology, Inc. v.Administrator, supra, 25 Conn. App. 135.
The court finds on the basis of the certified record that the Board of Review was presented with sufficient evidence in this case to justify the conclusions it reached. Therefore, its decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 12th day of April, 1995.
WILLIAM B. LEWIS, JUDGE CT Page 4081