[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Lynn A. Murray, filed a claim for unemployment compensation benefits against her former employer, Harbor Hospitality Corporation (Harbor Hospitality), the plaintiff in this action. Murray claimed that she left her employment as catering manager with Harbor Hospitality for job-related reasons in that she was injured on the job while physically moving a dance floor, and was therefore entitled to benefits. The plaintiff contends that Murray is ineligible for benefits because she quit her job voluntarily in that, although her physician told her that she was capable of returning to work, first part time, and then full time, Murray never contacted the plaintiff, and that had Murray contacted the plaintiff she would have given a job commensurate with her physical abilities. The administrator of the Unemployment Compensation Act, General Statutes § 31-222
et seq., denied Murray's application for unemployment compensation benefits on the basis that she had voluntarily ceased suitable employment in that she "never contacted her employer after being released."
Murray appealed this determination to the Employment Security Appeals Division pursuant to General Statutes §§ 31-241 and31-242, where it was referred to an appeals referee for a heating de novo. The referee stated that the issue was whether Murray quit her job voluntarily or whether she left for sufficient job-related reasons. The referee made the following factual findings: CT Page 7482 (1) that Murray was injured on the job on June 14, 1992, was released by her physician for "light duty" in November, 1992, and for full time employment "with minimal restrictions" one year later, in November, 1993; (2) that eight weeks after Murray left the plaintiff's employ, the plaintiff replaced her with another catering manager; and (3) that Murray is permanently disabled and could not perform her previous job as catering manager. The referee concluded that Murray left her employment because she became disabled and could no longer work. The referee further concluded that since her job was harmful to her health, leaving work for this reason did not constitute voluntary quitting her employment. Thus, the claimant was found to be eligible for benefits, and the administrator's decision denying benefits on the ground of a voluntary cessation of employment was reversed by the appeals referee.
In accordance with General Statutes § 31-249, the plaintiff appealed this decision to the Employment Security Appeals Division Board of Review (Board of Review), on the ground that Murray had left Harbor Hospitality, had never contacted the company, and that had she done so she would have been offered a light duty position, either full or part time, and further, that the position of catering manager was a management position requiring a minimum of physical exertion. The Board of Review adopted the referee's findings and his conclusions, and thus affirmed the referee's decision granting benefits to Murray.
The record on appeal also indicates that no representative of the plaintiff attended the referee's heating, and after the Board of Review issued its decision, the plaintiff moved to reopen the decision in order to permit a representative to offer testimony before the Board. The Board refused to reopen its decision because the reason given for the failure of the plaintiff to attend the referee's heating was the "press of business," which the Board found unacceptable.
The plaintiff appeals to this court, pursuant to General Statutes § 31-249b, contending in effect that Murray quit her job voluntarily by not seeking continued employment after she was cleared to return to work. It should be noted at this point that this court's role in reviewing a decision of the Board of Review is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion.Bennett v. Administrator, Unemployment CompensationAct, 34 Conn. App. 620, 626, 642 A.2d 743 (1994); see also CT Page 7483Acro Technology v. Administrator, 25 Conn. App. 130,134, 593 A.2d 154 (1991). Moreover, the construction placed upon a statute or regulation by the agency that is responsible for its enforcement and administration laws is entitled to great deference. Griffin Hospital v. Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see also Miller v. Administrator, 17 Conn. App. 441,446, 553 A.2d 633 (1989).
In reviewing the decision of the Board of Review in this case, General Statutes § 31-249b, which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book," must also be considered. Practice Book § 519, referred to in this statute, provides in pertinent part that: "(a) . . . [t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses . . . (b) [c]orrections by the court of the boards's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
In the present case, the Board of Review determined that Murray was eligible for benefits because she was injured on the job and was unable to carry out the duties of a catering manager, her former position with the plaintiff, because she was permanently partially disabled. This conclusion is within the competence of the Board of Review and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v.Administrator, Unemployment Compensation Act, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." CT Page 7484 Id., 113.
General Statutes § 31-236 (a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without sufficient cause connected with his work . . . provided further no individual shall be ineligible for benefits if he leaves suitable work . . . for sufficient cause connected with his work . . . ." See also Regs., Conn. State Agencies § 31-236-17(a). Section 31-236-18
of the Regulations of Connecticut State Agencies defines "voluntary leaving" as committing "the specific intentional act of terminating [one's] own employment." Section 31-236-19 of the Regulations states that in order to find that one left for reasons connected with his work, it must appear that the reason for leaving relates to "wages, hours or any working conditions. . . ." Section 31-236-22(a)(1)(D) of the Regulations provides that a determination that an individual voluntarily left suitable work for sufficient cause connected with his work must be based on a finding, among other things, that working conditions "threatened the individual's health due to his own medical condition."
The Board of Review found that Murray left her employment because she was injured on the job, and that she was too disabled to resume her former position even after she was cleared to return to work by her physician, and thus that she did leave for sufficient cause related to her work. "An individual leaves suitable work for cause within the meaning of the statute, when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which provide the individual with no reasonable alternative but to terminate his employment. As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citation omitted; internal quotation marks omitted.) Acro Technology, Inc. v.Administrator, supra, 25 Conn. App. 135.
The court finds on the basis of the certified record that the Board of Review was presented with sufficient evidence in this case to justify the conclusions it reached. Therefore, its decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered. CT Page 7485
Dated at Stamford, Connecticut, this 5th day of July, 1995.
William B. Lewis, Judge