[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON ADMINISTRATIVE APPEAL
The instant proceeding is an appeal from an adverse decision of the Unemployment Compensation Board. Notice of that decision was mailed to the parties on October 28, 1994. The appellant exercised her appeal rights in a timely fashion by commencing this action by notice of appeal on November 8, 1994, all in accordance with § 31-249b of the General Statutes.
The appellant was employed by the Great Atlantic Pacific Tea Co, Inc, in Greenwich, Connecticut, as an assistant bookkeeper until June 30, 1994. She had been with the company for twelve years prior to that time. Her notice to her supervisor recited that she was leaving because she "had moved from Greenwich to Bethel and the commute was too long." Prior to leaving, she had inquired about the possibility of a transfer to another branch of the company, but was informed the there were no positions available for the type of work she was doing. On August 6, 1994, she applied to the defendant Administrator for unemployment benefits. An examiner denied the claim on August 22, 1994, finding that she had left her job voluntarily and that there were no job-related reasons for her termination. CT Page 1223
On August 24, 1994, she appealed the decision of the examiner to the appeals referee. A hearing was held on September 15, 1994, before one John Vagnini, Appeals Referee. On September 23, 1994, he upheld the decision of the examiner, finding that the appellant's relocation was the basis for her resignation.
On September 26, 1994, she appealed the decision of the Appeals Referee to the Unemployment Board. It was at this point that she first raised as an issue the "stressful" conditions at her job prior to her leaving. In her statement of reasons for the appeal, she asserted that: "Originally the main reason for leaving my job was because I moved, but towards the end I felt I was under a lot of pressure and stress[,] but I stuck it out because I knew that I was going to be leaving and was waiting to get a mortgage approved and [I] didn't want to jeopardize this." She also stated that she suffered a miscarriage during her last month on the job, and provided medical evidence to that effect. On October 28, 1994, the Board affirmed the decision of the Appeals Referee and dismissed the appeal. In its decision, the Board found that the appellant "resigned before she became concerned that her job might have been having an adverse effect on her health. Moreover, she has failed to demonstrate that her medical condition was caused by job-connected stress, or that she so advised the employer. . . . Thus, we conclude that stress on the job did not provide the [plaintiff] . . . with sufficient job-connected cause to leave."
The standard of review of a decision of an administrative body is well settled. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review."Finkenstein v. Administrator, Unemployment Compensation Act,192 Conn. 104, 112. "The court's ultimate duty is to decide only whether, in light of the evidence, the board of review has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion." Bennett v. Administrator, Unemployment CompensationAct, 34 Conn. App. 620, 626.
In this case, the claims examiner determined that the appellant left her job voluntarily, and that finding was upheld by every agency that reviewed her claim. The initial reason that she gave for leaving her job was that she was moving and her commute would be too long. The Board determined that such a reason was insufficient to entitle her to unemployment benefits CT Page 1224 since relocation does not constitute a sufficient job-connected cause for leaving one's employment. See Valentino v.Administrator, Unemployment Compensation Act, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 378583 (November 7, 1990, Maloney, J.). Her subsequent contention that she left her job due to medical reasons was rejected by the Board, and was even contradicted by her own testimony in a hearing before the Board.[1] She has not presented any new evidence supporting her claim for unemployment benefits, nor could this court consider such evidence were she to attempt to introduce it. This court is bound by the record before it.Finkenstein v. Administrator, Unemployment Compensation Act,
supra.
In sum, under the standard of review governing appeals from administrative agencies, the evidence does not support a finding that the Board of Review acted "unreasonably, arbitrarily, illegally, or in abuse of its discretion." Bennett v.Administrator, Unemployment Compensation Act, supra.
The appeal is, accordingly, dismissed.
Moraghan, J.