[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Christine Demenars ("claimant") filed a claim for unemployment compensation benefits which was denied by the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., on the basis that the claimant had received benefits in one year and did not earn sufficient money the next benefit year to warrant continued receipt of benefits.
Pursuant to General Statutes §§ 31-241 and 31-242, the claimant appealed the administrator's decision to the employment security appeals division, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether the claimant had received sufficient wages to be eligible for benefits. The referee made the following factual findings: (1) the claimant did not receive wages of at least $1,350 since the beginning of her prior benefit year; and (2) the claimant earned only $127.50 since the commencement of the prior benefit year. The referee affirmed the administrator's decision denying unemployment benefits.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security appeals division board of review (board of review), asserting that she had received sufficient wages and other moneys to render her eligible for benefits. The board adopted the referee's findings of fact and affirmed the denial of benefits to the claimant on the basis that: (1) the claimant did not earn five times her benefit rate to establish a second benefit year ending December 15, 1990; (2) the claimant only received $127.50 of wages during said year; and (3) self-employment income does not count in making this calculation. CT Page 7561
The claimant, hereinafter referred to as the plaintiff, appealed this decision of the board, which was dated August 16, 1991, to this court pursuant to General Statutes § 31-249b
on July 23, 1998. The plaintiff contended that she had received sufficient wages to be entitled to unemployment benefits.
The defendant has moved (#101) that the plaintiff's appeal to this court be dismissed on the basis that the plaintiff waited too long before appealing to this court and had not demonstrated good cause for the late appeal. General Statutes § 31-249a(a) provides that a decision of the board "shall become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party." See also Regs. Conn. State Agencies § 31-237g-49(e). The board is authorized to hear a late appeal "if the filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing." General Statutes § 31-249h states that the board shall adopt regulations which "establish a definition of good cause" for purposes of late filings of appeals.
Regs., Conn. State Agencies § 31-237g-49(e) provides that the Superior Court "shall determine whether the appealing party has shown good cause by reference to the reasonably prudent individual standard contained in subsection (c) of this section together with all relevant factors pertaining to good cause, including but not limited to those factors cited therein." Subsection (c) of this section of the regulations provides that a party may be excused for not filing a timely appeal "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely [appeal]. In determining whether good cause has been shown, the Board shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with the Administrator and the Employment Security Appeals Division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the Appeals Division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the Administrator or Employment Security Appeals Division; or the failure of the Administrator, the Appeals Division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in CT Page 7562 filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its appeal; (xi) Good faith error, provided that in determining whether good faith error constitutes good cause, the Board shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
The plaintiff did not offer any cogent reason for her late appeal, and the board concluded that the plaintiff had failed to show good cause for the delayed filing with this court. This conclusion of lack of good cause for an untimely appeal is within the competence of the board of review and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, Unemployment Compensation Act, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds on the basis of the certified record that the defendant's motion to dismiss because of the late filing of an appeal to this court is legally and logically based on the record of this case. Therefore, judgment enters dismissing the plaintiff's appeal.
So Ordered
Dated at Stamford, Connecticut, this 1st Day of June, 1999.
William B. Lewis, Judge