[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal of Frank J. Filloramo from a decision of the Administrator, Unemployment Compensation Act, which decision determined that the appellant had been overpaid $1,445.00 in benefits. The decision further determined that the appellant knowingly made a false statement or failed to disclose a material fact in order to collect benefits. Consequently, pursuant to General Statutes Sec. 31-273 (b)(2), and Regulations of Connecticut State Agency Sec. 31-273-6, the Administrator imposed an administrative penalty of fifteen weeks, thereby disqualifying the appellant from receipt of fifteen weeks of future benefits.
The claimant appealed to the Appeals Division. The appeals Referee sustained the Administrator. The claimant then appealed to the Board of Review, which board sustained the Referee. The claimant thereafter appeals to this court.
In the appeal to this court the claimant does not contest the finding that he received an overpayment of funds, which the Administrator found to be in the amount of $1,445.00. A review of the record reveals that the claimant received benefits for the weeks ending January 4, 1997 through January 11, 1997, and May 18, 1997 through June 28, 1997, during which weeks he was employed by Fairfax Promotions and New England Family Foods, Inc., respectively. This constitutes a total of eight weeks, with appropriate calculations of the amounts of overpayment by the Administrator.
The claimant vigorously contends that he should not be subject to an administrative penalty because "my manic depression was so severe as to preclude my ability to intentionally commit fraud at the time."
The statute upon which the penalty is based is General Statutes Sec. 31-273 (b)(2). It provides, in pertinent part, ". . . (2) Any person who has made a claim for benefits under this chapter and has knowingly made a false statement or representation or has knowingly failed to disclose a material fact in order to obtain benefits or to increase the amount of benefits to which he may be entitled under this chapter shall forfeit benefits for not less than two nor more than thirty nine compensable weeks . . ."
The Board of Review determined that the Referee's findings were supported by the record and the conclusions are legally consistent with the findings. The Referee found that during each of the weeks that he was overpaid, the "voice response system CT Page 11922 asked the claimant whether he had returned to work, or whether he was working full time or part time, and the claimant answered `no'".
The claimant does not, in this appeal take issue with that finding, which should come as no surprise as the voice system is obviously a recording device. The Referee found that the claimant testified that he was "bright" and was unable to "finish law school" because of his disorder. The Referee further found that he was an intelligent individual from his demeanor at the hearing, and was capable of understanding questions asked by the voice response system. Furthermore, the Referee found that none of the medical documents submitted by the claimant indicate that the disorder would cause an immediate and short term memory loss, or that he was not aware that he was answering questions, or a lack of understanding of the questions. Further, that the claimant, as with all claimants, was advised by the system of the prohibition against false filing. The court notes further, from the brief medical reports, that the claimant was treated for "anxiety, nervousness and depression", and was later treated as an inpatient at Cedarcrest Hospital contradicts the findings of the Referee.
The imposition of a penalty for false statements or representations on knowingly failing to disclose is in accordance with General Statutes Sec. 31-273 (b)(2). The Court further determines that the imposition of a fifteen week penalty is less than the "number of weeks of benefits multiplied by two", and is the equivalent of the penalty weeks resulting from an overpayment of $1,400 — $1,499, and is in accordance with Regulations of Connecticut State Agencies, Sec. 31-273-6, Administrative Penalty.
"The Court is bound by the finding of fact and the reasonable factual conclusions . . . where the board of review adopted the findings and affirmed the decision of the Referee. Finkelstein v.Administrator, 192 Conn. 104, 112, 113 (1984) The Court finds that the Administrator, the Referee, and the Board did not act "unreasonably, arbitrarily, or illegally." Finkelstein, supra, p. 113.
For the reasons set forth herein, the appeal of the claimant-appellant Frank J. Filloramo is dismissed.
L. Paul Sullivan, J. CT Page 11923