[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Grace M. Garrity, filed a claim for unemployment CT Page 11316 compensation benefits against her former employer, Southern Connecticut Financial Group (SCFG) of Stamford. Garrity claimed that her employment as a secretary/receptionist was terminated because of her problems with alcohol, but that she thereafter had rehabilitated herself and was available for and willing to work. SCFG claimed that Garrity was not available for work because of her alcoholism, and hence was ineligible for unemployment benefits. The administrator of the Unemployment Compensation Act, General Statutes 31-222 et seq., granted the plaintiff's application for unemployment compensation benefits on the basis that her alcoholism was a disease and therefore the reckless indifference to consequences and wilfulness necessary to constitute "repeated wilful misconduct" were not present. General Statutes31-236(a)(2)(B).[1]
SCFG appealed this determination to the Employment Security Appeals Division pursuant to General Statutes 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether plaintiff was discharged "for repeated wilful misconduct . . . (or) just cause . . ." General Statutes 3-236(a)(2)(B); and whether she was "physically able to work and [was] available for work and has been making reasonable efforts to find work . . ." General Statutes 31-235(a)(2).[2] The referee made the following factual findings: (1) that the claimant had worked as a secretary/receptionist for SCFG for about a year and a half prior to her discharge; (2) that her employment was terminated in May of 1991 due to poor performance attributable to alcohol; (3) that in October of 1991, the plaintiff entered an alcohol treatment program in Kent, Connecticut, but relapsed as soon as she was discharged; and (3) she subsequently reentered the program in Kent but discharged herself prematurely in June of 1992, and then relapsed immediately thereafter.
The referee concluded, as did the administrator, that plaintiff's discharge from her job with SCFG due to alcohol did not render her ineligible for benefits, but that her failure to demonstrate that she was still undergoing treatment for alcohol, and her several relapses after treatment, rendered her ineligible because she was "not able to work at the present time in light of her alcoholism." Thus, she was found to be ineligible until she was able to prove "that she has successfully completed an alcohol treatment program and does not relapse." The administrator's decision awarding benefits to Garrity was reversed by the referee.
In accordance with General Statutes 31-249, the claimant appealed this decision to the Employment Security Appeals Division Board of Review (Board), and contended that she was successfully rehabilitated CT Page 11317 and available for work. The Board agreed with the referee that the plaintiff had failed to establish "that she was sufficiently rehabilitated from her alcoholism during the relevant period, so as to make her able to work or available for work." The Board concluded that the referee's decision denying benefits should be affirmed and the claimant's appeal was dismissed, thus rendering the claimant ineligible for benefits.
The plaintiff appeals to this court, pursuant to General Statutes31-249b, contending that she was declared ineligible for benefits contrary to General Statutes 1-235(a)(2), which provides for eligibility if one is able to work and available for work. It should be noted at this point that this court's role in reviewing a decision of the Board is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Acro Technology v. Administrator, 25 Conn. App. 130, 134, 593 A.2d 154 (1991). "The construction placed upon [a statute or regulation] by the agency responsible for administration of the unemployment compensation laws is entitled to deference . . ." Miller v. Administrator, 17 Conn. App. 441,446, 553 A.2d 633 (1989).
31-235-4 of the State Agencies Regulations provides in pertinent part that "[t]he Administrator shall find that an individual is physically and mentally able to work so long as the individual is capable of performing some type of remunerative work." 31-235-6(a) provides in pertinent part that "[i]n order to find an individual eligible for benefits for any week, the Administrator must find the individual available for full-time work during that week. An individual is available for work if he is genuinely exposed to the labor market. An individual is genuinely exposed to the labor market if he is willing, able and ready to accept suitable work."
In reviewing the decision of the Board, one must also consider General Statutes 31-249b, which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." This section of the Practice Book provides in pertinent part that: "[t]he court does not ferry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses." CT Page 11318
In this case, the Board determined that plaintiff spent only two weeks out of the four week program at Kent, had relapsed on two separate occasions after treatments, and had not presented proof of any efforts at rehabilitation after treatment. The Board went on to indicate that future unemployment benefits could be sought when and if the plaintiff was able to "provide evidence that she has been successfully rehabilitated from her alcoholism, such as completion of a rehabilitation program, participation in Alcoholics Anonymous, a statement from a treating professional or other credible evidence of rehabilitation."
The conclusion of ineligibility based on the availability for work requirement of General Statutes 31-235(a)(2) is, I believe, within the competence of the Board and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113. The court finds the Board was presented with sufficient evidence in this case to justify the conclusions it reached. Therefore, the Board's decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 21st day of December, 1993.
William B. Lewis, Judge