[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Carrie L. Eubanks, filed a claim for unemployment compensation benefits against her former employers, Evan Hunter and Mary Vann Hunter. Eubanks claimed that she did not quit her employment as a domestic for the Hunters, but rather had been discharged in effect and was entitled to benefits. The Hunters contend that Eubanks quit her job with them and without previous notification, and hence was ineligible for unemployment benefits. The administrator of the Unemployment Compensation Act, see General Statutes 31-222 et seq., denied the plaintiff's application for unemployment compensation benefits on the basis that she had left her employment with the Hunters voluntarily and intentionally and therefore was not entitled to any benefits.
Eubanks appealed this determination to the Employment Security Appeals Division pursuant to General Statutes 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether plaintiff quit her job voluntarily or had been discharged for repeated wilful misconduct. General Statutes31-236(a)(2)(B). The referee made the following factual findings: (1) that the claimant had worked for the Hunters as a domestic for about sixteen years; (2) that on June 22, 1992, she commenced an approved one-week vacation, but did not return to work on June 29, 1992; (3) that on July 5, 1993, Eubanks left a recorded message with the Hunters that she was ill and would be contacting her employers shortly; and (4) that Eubanks never contacted her employers again, and attempts by the Hunters to locate her were unsuccessful. CT Page 11225
The referee concluded that plaintiff did not intend to quit her job and that her discharge was not based on repeated wilful misconduct because her absence on that one occasion was a single act. Thus, the claimant was found to be eligible for benefits, and the administrator's decision denying benefits to Eubanks was reversed by the referee.
In accordance with General Statutes 31-249, the Hunters appealed this decision to the Employment Security Appeals Division Board of Review (Board), and contended that Eubanks had voluntarily left their employ and never returned to work. The Board added certain factual findings to those found by the referee, viz., (1) that even upon her return to Connecticut in mid-July of 1992, the claimant did not attempt to contact the Hunters; (2) that the claimant planned to leave her job with the Hunters in any event, as she believed the work was becoming too difficult for her; and (3) that the claimant did not explore alternatives to leaving her employment or advise the Hunters that the work was unsuitable. The Board concluded that Eubanks intended to leave her employment and did so voluntarily and intentionally, and thus the referee's decision awarding benefits was reversed, and Eubanks was determined to be ineligible for benefits.
The plaintiff appeals to this court, pursuant to General Statutes31-249b, contending that she had not quit her job voluntarily and was eligible for benefits. It should be noted at this point that this court's role in reviewing a decision of the Board is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Acro Technology v. Administrator, 25 Conn. App. 130,134, 593 A.2d 154 (1991). "The construction placed upon [a statute or regulation] by the agency responsible for administration of the unemployment compensation laws is entitled to deference. . ." Miller v. Administrator,17 Conn. App. 441, 446, 553 A.2d 633 (1989).
In reviewing the decision of the Board, one must also consider General Statutes 31-249b, which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." This section of the Practice Book provides in pertinent part that: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses."
In the case at bar, the Board determined that plaintiff quit her job CT Page 11226 voluntarily. She did not advise the Hunters in her telephone message of July 5, 1992 when she would be returning to work, and she failed to ever again contact the Hunters. The Board concluded that plaintiff left her employment because of job dissatisfaction, which was never communicated to her employers.
The conclusion of ineligibility for benefits based on the plaintiff's voluntary termination of employment is, I believe, within the competence of the Board and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator,192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
General Statutes 31-236(a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable employment voluntarily and without sufficient cause connected with his work." Section31-236-18 of the Regulations of State Agencies defines "voluntary leaving" as requiring a finding that "the individual committed the specific intentional act of terminating his own employment." Section 31-236-27(a) provides in pertinent part that: "[a]bsence from work, in and of itself, is not wilful misconduct. Absence from work is wilful misconduct . . . only if the individual did not have good cause for being absent from work, or the individual failed without justification to take those steps reasonably necessary to notify his employer of his absence and the reason therefor." The Board found that Eubanks intentionally left her employment, and that the Hunters were justified in replacing her since the plaintiff failed to notify them when she was planning to return to work.
The court finds that the Board was presented with sufficient evidence in this case to justify the conclusions it reached. Therefore, the Board's decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 23rd day of December, 1993.
William B. Lewis, Judge CT Page 11227