[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Jose A. Caraballo, filed a claim for unemployment compensation benefits against his former employer, Laidlaw Transit, Inc. (Laidlaw). Caraballo claimed that he did not quit his employment with Laidlaw as a bus driver, but rather had been discharged for lack of work, and therefore was entitled to benefits. Laidlaw contends that Caraballo quit his job in order to obtain other employment as a bus driver with the Norwalk Transit Company, and hence he was ineligible for unemployment benefits. The administrator of the Unemployment Compensation Act, see General Statutes § 31-222 et seq., denied the plaintiff's application for unemployment compensation benefits on the basis that he had voluntarily and intentionally left his employment with Laidlaw and accordingly he was not entitled to any benefits.
Caraballo appealed this determination to the Employment Security Appeals Division pursuant to General Statutes §§ 31-241 and31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Caraballo quit his job voluntarily or left for sufficient job-related reasons. The referee made the following factual findings: (1) that Caraballo had worked for Laidlaw as a bus driver for about twelve years; and (2) that in May, 1993, he quit his job to take a higher paying position with the Norwalk Transit Company. The referee concluded that Caraballo voluntarily left his employment for personal reasons and without any cause or reason connected with his job at Laidlaw. Thus, the claimant was found to be ineligible for benefits, and the administrator's decision denying benefits was affirmed by the referee. CT Page 9902
In accordance with General Statutes § 31-249, the claimant appealed this decision to the Employment Security Appeals Division Board of Review (Board of Review), and contended that he had been given a leave of absence from Laidlaw to take a position with Norwalk Transit Company, and had been assured by his supervisor that if his new job was not satisfactory, he could return to his old job with Laidlaw. The Board of Review added certain factual findings to those found by the referee, viz., (1) that Caraballo worked for the Norwalk Transit Company for several weeks, and then was discharged; and (2) that he returned to Laidlaw for a very short period of time in order to fill a part time position because his previous job was no longer available; and (3) that he was shortly thereafter laid off for lack of work. The Board of Review concluded that Caraballo voluntarily and intentionally left his employment for personal reasons, and thus the referee's decision denying benefits was affirmed, and the claimant was determined to be ineligible for benefits.
The plaintiff appeals to this court, pursuant to General Statutes § 31-249b, contending that he had not quit his job voluntarily and was eligible for benefits. It should be noted at this point that this court's role in reviewing a decision of the Board of Review is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Bennett v. Administrator, Unemployment CompensationAct, 34 Conn. App. 620, 626, 642 A.2d 743 (1994); see also AcroTechnology v. Administrator, 25 Conn. App. 130, 134, 593 A.2d 154
(1991). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration laws is entitled to great deference. GriffinHospital v. Commission on Hospitals Health Care, 200 Conn. 489,496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023,107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see also Miller v. Administrator,17 Conn. App. 441, 446, 553 A.2d 633 (1989).
In reviewing the decision of the Board of Review in this case, one must also consider General Statutes § 31-249b, which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." This section of the Practice Book provides in pertinent part that: "(a) . . . [t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law CT Page 9903 the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses . . . (b) [c]orrections by the court of the boards's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
In the case at bar, the Board of Review determined that plaintiff quit his job voluntarily in order to take a new position with another employer at a higher pay. The conclusion of ineligibility for benefits based on the plaintiffs voluntary termination of employment is within the competence of the Board of Review and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, UnemploymentCompensation Act, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
General Statutes § 31-236(a)(2)(A) provides in pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without sufficient cause connected with his work." Section 31-236-18 of the Regulations of State Agencies defines "voluntary leaving" as committing "the specific intentional act of terminating [one's] own employment." The Board of Review found that Caraballo intentionally left his employment to take another position.
The court finds that the Board of Review was presented with sufficient evidence in this case to justify the conclusions it reached. Therefore, its decision is affirmed, and judgment hereby enters dismissing plaintiffs appeal.
So Ordered.
Dated at Stamford, Connecticut, this 29th day of September, 1994.
WILLIAM B. LEWIS, JUDGE CT Page 9904