[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Larry Davis, filed a claim for unemployment compensation benefits against his former employer, the U.S. Postal Service (Postal Service). Davis claimed that his employment had been improperly terminated because he had requested time off for an interview with another prospective employer, and therefore was entitled to benefits. The Postal CT Page 9994 Service contends that Davis was terminated because of repeated absenteeism, and hence he was ineligible for unemployment benefits. The administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted Davis's application for unemployment compensation benefits on the basis that he had been discharged without proper cause or justification, and accordingly he was entitled to benefits.
The Postal Service appealed this determination to the Employment Security Appeals Division pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Davis had been discharged for repeated wilful misconduct. The referee made the following factual findings: (1) that Davis had worked for the Postal Service as a driver for about ten months prior to his discharge; (2) that on three occasions, March 24, 1993, March 25, 1993, and April 23, 1993, he had been absent from work without explanation, which resulted in his employer issuing warning notices; (3) that on July 19, 1993, Davis called his supervisor at about 4:15 p.m. to inform the employer that he was not coming to work that afternoon at 4:45 p.m. as scheduled because he was interviewing for another position; (4) that approximately 15 minutes later, the supervisor called the office where Davis was supposedly being interviewed, and was advised that all interviews for that day had ceased; (5) that the next morning, July 20, 1993, Davis called his supervisor and said he could not work that day because he had another interview with the same prospective employer later that same day at 4:30 p.m.; and (6) that despite being specifically directed to come in and work until the time of the interview, Davis failed to appear for work that day. The referee concluded that the claimant had been properly discharged for repeated acts of wilful misconduct because the absences from work were not for legitimate purposes. Thus, the claimant was found to be ineligible for benefits, and the administrator's decision granting benefits was reversed by the referee.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the Employment Security Appeals Division Board of Review (Board of Review), and contended that he had been fired by the Postal Service without proper reason. The Board of Review stated that Davis had failed to attend the referee's hearing without any explanation or reason for his absence, despite the fact that the notice specified that a claimant must personally attend the referee's hearing. The CT Page 9995 Board concluded that as a result Davis had "waived his right to object to findings of fact" made by the referee. Moreover, the Board of Review found the referee's decision was supported by the evidence and testimony that had been introduced at the hearing held by the referee. Thus, the referee's decision denying benefits was affirmed, and the claimant was determined to be ineligible for benefits.
Thereafter, Davis moved to reopen the Board of Review's decision, claiming that he failed to attend the referee's hearing on September 14, 1993 because of illness. The Board of Review determined that Davis had failed to request a postponement of the referee's hearing prior to the holding of said hearing and therefore denied his request to vacate or set aside the decision.
The plaintiff appeals to this court, pursuant to General Statutes § 31-249b, contending that he had been terminated improperly and was eligible for benefits. It should be noted at this point that this court's role in reviewing a decision of the Board of Review is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Bennett v. Administrator, Unemployment CompensationAct, 34 Conn. App. 620, 626, 642 A.2d 743 (1994); see also AcroTechnology v. Administrator, 25 Conn. App. 130, 134, 593 A.2d 154
(1991). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration laws is entitled to great deference. GriffinHospital v. Commission on Hospitals Health Care, 200 Conn. 489,496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023,107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see also Miller v. Administrator,17 Conn. App. 441, 446, 553 A.2d 633 (1989).
In reviewing the decision of the Board of Review in this case, note must be taken of General Statutes § 31-249b, which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." This section of the Practice Book provides in pertinent part that: "(a) . . . [t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . (b) [c]orrections by the court of the CT Page 9996 boards's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
General Statutes § 31-236(a)(2)(B) provides in pertinent part that an individual is ineligible for benefits if he was discharged for "repeated wilful misconduct." Section 31-236-26 of the Regulations of State Agencies describes wilful misconduct as an action done intentionally or deliberately, knowing that such conduct would be detrimental to the employer. In addition, for discharge under the provisions of this regulation, three findings must be made: that the individual committed two or more acts of wilful misconduct, not necessarily of the same nature; that the final act which actually caused the discharge of the employee constituted wilful misconduct; and that the first act of misconduct was committed "within the year immediately preceding the act which precipitated the discharge . . . ." Moreover, the regulation indicates that prior warnings of misconduct shall be considered. Section 31-236-27(a) of the Regulations provides that absenteeism as such does not constitute wilful misconduct, but can be such if "the individual did not have good cause for being absent from work, or the individual failed without justification to take those steps reasonably necessary to notify his employer of his absence and the reason therefor." Subsection (b) of that regulation defines "good cause" as "any compelling personal circumstances, including illness, which would normally be recognized by the individual's employer as a proper excuse for absence, or which would prevent a reasonable person under the same conditions from reporting to work."
The court agrees with the referee and the Board of Review that the plaintiff's repeated absences, despite the issuance of warnings, falls clearly within the definition of wilful misconduct found in the above cited regulation. Furthermore, the referee determined that there were two or more acts of wilful misconduct, that the final act of absenteeism on July 20, 1993 itself constituted wilful misconduct, and that the first act of misconduct in March, 1993 occurred within the year preceding the final absence which precipitated the plaintiffs discharge.
The Board of Review's conclusion that plaintiff was ineligible for benefits based on his repeated wilful misconduct is within the competence of the Board of Review and should not be CT Page 9997 disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, Unemployment Compensation Act, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
Moreover, the plaintiff failed to attend the referee's hearing as required in the notice of said hearing, and failed to request a postponement thereof prior to the hearing. Thus, the Board of Review's decision that plaintiff did not have good cause for failing to attend the hearing cannot be faulted.
The court finds that the Board of Review was presented with sufficient evidence in this case to justify the conclusions it reached. Therefore, its decision is affirmed, and judgment hereby enters dismissing plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 30th day of September, 1994.
WILLIAM B. LEWIS, JUDGE