[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., determined that the plaintiff, Clarence Underhill, had been overpaid unemployment compensation benefits because he was receiving such benefits while he was employed at several different jobs. The administrator also found that the plaintiff had acknowledged that he failed to report his earnings from four different companies, Connecticut Acoustics, I-Con Systems, CMF Construction and Modern Acoustics, for a number of weeks in 1991 and 1992, during which time he was also receiving unemployment compensation benefits. The administrator further determined that the plaintiff was overpaid in the amount of $5,368, because of false statements or representations or a knowing failure to disclose a material fact in order to obtain benefits, and accordingly, assessed an administrative penalty of thirty-six weeks during which the plaintiff would be ineligible for benefits.
The plaintiff appealed this determination to the Employment Security Appeals Division pursuant to General Statutes §§ 31-241
and 31-242, where it was referred to an appeals referee for a hearing de novo. The plaintiff claimed that the amount of overpayment found by the administrator was excessive. The referee stated that the issue was whether the plaintiff had knowingly made a false statement or knowingly failed to disclose a material fact in order to obtain unemployment compensation benefits within the purview of General Statutes § 31-273 (a) and (b). The referee made the following factual findings: (1) that according to CT Page 6230 records submitted by the companies in question, the plaintiff had in fact worked and received compensation from the above mentioned companies during weeks when he was collecting unemployment benefits; (2) that the plaintiff had responded in the negative to questions posed by the Department of Labor as to whether he had earned any money during the time periods in question; and (3) that the plaintiff's only explanation was that "he needed the money to support his household." On the basis of these findings, the appeals referee determined that the plaintiff "knowingly made a false statement and knowingly failed to disclose a material fact in order to obtain or increase benefits." Thus, the referee found the plaintiff to be ineligible for benefits for a certain number of weeks; to be responsible for repayment of the benefits received in the amount of $5,368; and affirmed the administrator's decision regarding overpayment and penalty weeks.
In accordance with General Statutes § 31-249, the plaintiff appealed this decision to the Employment Security Appeals Division Board of Review (Board of Review), on the ground that the referee's decision was erroneous. On the basis of the "certificate of earning forms provided by the claimant's employers," the Board of Review concluded that the plaintiff had made false representations in order to obtain benefits during periods of time when he was gainfully employed, and thus affirmed the referee's decision regarding repayment of benefits and the penalty provision.
The plaintiff appeals to this court, pursuant to General Statutes § 31-249b, contending that he "didn't work and collect at the same time," and accordingly that the board's decision was incorrect. It should be noted at this point that this court's role in reviewing a decision of the Board of Review is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Bennett v.Administrator. Unemployment Compensation Act, 34 Conn. App. 620,626, 642 A.2d 743 (1994); see also Acro Technology v.Administrator, 25 Conn. App. 130, 134, 593 A.2d 154 (1991). Moreover, the construction placed upon a statute or regulation by the agency that is responsible for its enforcement and administration laws is entitled to great deference. GriffinHospital v. Commission on Hospitals Health Care, 200 Conn. 489,496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023,107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see also Miller v. Administrator,17 Conn. App. 441, 446, 553 A.2d 633 (1989). CT Page 6231
In reviewing the decision of the Board of Review in this case, General Statutes § 31-249b, which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book," must also be considered. The section of the Practice Book referred to in the statute provides in pertinent part that: "(a) . . . [t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . (b) [c]orrections by the court of the boards's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
In the present case, the Board of Review determined that the plaintiff knowingly made false representations in order to obtain benefits. This conclusion is within the competence of the Board of Review and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, UnemploymentCompensation Act, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
General Statutes § 31-273 (b)(1) provides in pertinent part that "any person who, by reason of fraud, wilful misrepresentation or wilful nondisclosure . . . [obtains unemployment compensation benefits] while any condition for [such] receipt . . . was not fulfilled . . . or has received a greater amount of benefits than was due him . . . shall be charged with an overpayment and shall be liable to repay to the administrator . . . a sum equal to the amount so overpaid to him." Subsection (b)(2) provides that "[a]ny person who has made a claim for benefits . . .and has knowingly made a false statement or representation or has knowingly failed to disclose a CT Page 6232 material fact in order to obtain benefits or to increase the amount of benefits . . . shall forfeit benefits for not less than two nor more than thirty-nine compensable weeks. . . . This penalty shall be . . . in addition to the liability to repay any moneys so received by such person." Section 31-273-6 of the Regulations of Connecticut State Agencies contains an "administrative penalty table" which results in the forfeiture of benefits for thirty-nine "penalty weeks" when the table is applied to an overpayment of benefits in an amount greater than $3,800.
The court finds on the basis of the certified record that the Board of Review was presented with sufficient evidence that the plaintiff received benefits for a number of weeks during which he was employed and knowingly concealed these facts. Thus, the Board of Review was justified in reaching its conclusions as to overpayment, and ordering repayment and imposing an administrative penalty. Therefore, its decision is affirmed, and judgment hereby enters in favor of the defendant to recover from the plaintiff the sum of $5,368 and the defendant administrator's decision to assess a penalty of thirty-six weeks is also affirmed.
So Ordered.
Dated at Stamford, Connecticut, this 29th day of June, 1995.
William B. Lewis, Judge