[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., determined that the plaintiff, Laura P. Dickey, had been overpaid unemployment compensation benefits because she was receiving such benefits while she was employed by Personnel Pool, Inc., a temporary agency. The administrator also found that the plaintiff acknowledged that she failed to report her earnings for a number of weeks in 1993 and 1994, during which time she was also receiving unemployment compensation benefits. The administrator further determined that the plaintiff was overpaid in the amount of $6,555, because of false statements or representations or a knowing failure to disclose a material fact in order to obtain benefits and, accordingly, assessed an administrative penalty of thirty-nine weeks during which the plaintiff would be ineligible for benefits.
The plaintiff appealed this determination to the Employment Security Appeals Division pursuant to General Statutes §§ 31-241
and 31-242, where it was referred to an appeals referee for a hearing de novo. The plaintiff claimed that she thought she could "work part time and still collect benefits from unemployment." The referee stated that the issue was whether the plaintiff had knowingly made a false statement or knowingly failed to disclose a material fact in order to obtain unemployment compensation benefits within the purview of General Statutes § 31-273(a) and (b). The referee made the following factual findings: (1) that according to records submitted by Personnel Pool, Inc., the plaintiff had in fact worked and received compensation averaging $300 or so per week from July, 1993, until the first part of 1994, during weeks when she was also collecting unemployment benefits; (2) that the plaintiff had responded in the negative to questions posed by the Department of Labor as to whether she had earned any money or had worked, full or part time, during the time periods in question; and (3) that the plaintiff's only explanation was that she thought it was proper to receive unemployment benefits if one worked only part time. On the basis of these findings, the appeals referee determined that the plaintiff knowingly made a false statement and knowingly failed to disclose a material fact in order to obtain benefits. Thus, CT Page 10339 the referee found the plaintiff to be ineligible for benefits for a certain number of weeks; to be responsible for repayment of the benefits received in the amount of $6,555; and affirmed the administrator's decision regarding overpayment and penalty weeks.
In accordance with General Statutes § 31-249, the plaintiff appealed this decision to the Employment Security Appeals Division Board of Review (Board of Review), on the ground that the referee's decision was erroneous. The Board of Review adopted the referee's findings of fact and the conclusion that the plaintiff had made false representations in order to obtain benefits during periods of time when she was gainfully employed, and thus affirmed the referee's decision regarding repayment of benefits and the penalty provision.
The plaintiff appeals to this court, pursuant to General Statutes § 31-249b, contending that she was under stress for personal reasons at the time, and had been advised by someone at the Labor Department that it was permissible to work twenty five hours or less and still collect unemployment benefits. It should be noted at this point that this court's role in reviewing a decision of the Board of Review is limited to determining whether that board's decision is unreasonable, arbitrary, illegal or an abuse of discretion. Bennett v. Administrator, UnemploymentCompensation Act, 34 Conn. App. 620, 626, 642 A.2d 743 (1994); see also Acro Technology v. Administrator, 25 Conn. App. 130,134, 593 A.2d 154 (1991). Moreover, the construction placed upon a statute or regulation by the agency that is responsible for its enforcement and administration is entitled to "great deference."Griffin Hospital v. Commission on Hospitals Health Care,200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023,107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see also Miller v.Administrator, 17 Conn. App. 441, 446, 553 A.2d 633 (1989).
In reviewing the decision of the Board of Review in this case, General Statutes § 31-249b, which states that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book," must also be considered. Section 519(a) of the Practice Book referred to in the statute provides in pertinent part that: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. CT Page 10340 It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . . (b) Corrections by the court of the boards's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
General Statutes § 31-273(b)(1) provides in pertinent part that "[a]ny person who, by reason of fraud, wilful misrepresentation or wilful nondisclosure . . . [obtains unemployment compensation benefits] while any condition for [such] receipt . . . was not fulfilled . . . or has received a greater amount of benefits than was due him . . . shall be charged with an overpayment and shall be liable to repay to the administrator . . . a sum equal to the amount so overpaid to him." Subsection (b)(2) provides that "[a]ny person who has made a claim for benefits . . . and has knowingly made a false statement or representation or has knowingly failed to disclose a material fact in order to obtain benefits or to increase the amount of benefits . . . shall forfeit benefits for not less than two nor more than thirty-nine compensable weeks. . . . This penalty shall be . . . in addition to the liability to repay any moneys so received by such person." Section 31-273-6 of the Regulations of Connecticut State Agencies contains an "administrative penalty table" which results in the forfeiture of benefits for thirty-nine "penalty weeks" when the table is applied to an overpayment of benefits in an amount greater than $3,800.
In the present case, the referee as well as the Board of Review determined that the plaintiff knowingly made false representations in order to obtain benefits. This conclusion is within the competence of the Board of Review and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, Unemployment Compensation Act, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113. CT Page 10341
The court finds on the basis of the certified record that the Board of Review was presented with sufficient evidence that the plaintiff received benefits for a number of weeks during which she was employed, and which she knowingly concealed. Thus, the Board of Review was justified in reaching its conclusions as to overpayment, and in ordering repayment and imposing an administrative penalty. Therefore, its decision is affirmed, and judgment hereby enters in favor of the defendant to recover from the plaintiff the sum of $6,555, and the defendant administrator's decision to assess a penalty of thirty-nine weeks is also affirmed.
So Ordered.
Dated at Stamford, Connecticut, this 12th day of September, 1995.
William B. Lewis, Judge