[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Michael Kheyfets filed a claim for unemployment compensation benefits against his former employer, Artnet International, Inc. (Artnet). Kheyfets claimed that he was given increased job responsibilities, and when he protested that he was entitled to an increased salary, Artnet fired him. Artnet contends that Kheyfets voluntarily left his job when he did not get an increase in salary, and hence was ineligible for unemployment benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted Kheyfets's application for unemployment compensation benefits on the basis that he was discharged for reasons other than repeated wilful misconduct in the course of his employment.
Artnet appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether the claimant had been discharged for wilful misconduct in accordance with General Statutes §31-236(a)(2)(B).
The referee made the following factual findings: (1) Kheyfets was discharged after he refused to accept the employer's promotion to general manager without a corresponding increase in pay; and (2) Artnet believed he was engaged in a conflict of interest because Kheyfets had formed two corporations that competed with Artnet. The referee concluded that Kheyfets's conduct in refusing a new position without an increase in salary did not constitute wilful misconduct. The referee also determined that there was no conflict of interest because Artnet was in the business of computer sales, and the two companies founded by CT Page 9156 Kheyfets involved personal security and automobile alarms. Accordingly, the referee affirmed the administrator's decision granting unemployment benefits.
In accordance with General Statutes § 31-249, Artnet appealed this decision to the employment security appeals division board of review (board of review), asserting that Kheyfets had not been given increased responsibilities and hence was not entitled to a raise, and also that he engaged in a conflict of interest situation by forming two competing companies. The board of review denied the employer's application to present new evidence because such evidence could have been presented to the referee. The board adopted the referee's findings of fact and affirmed the granting of benefits to the claimant.
The employer, Artnet, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending that Kheyfets had previously been serving as a general manager, but without the accompanying title, and that no additional duties were being imposed on him. Artnet repeated its claim that the two companies that Kheyfets formed without notification to Artnet were competitors.
In terms of reviewing an appeal of this nature, the Superior Court has been given twin guideposts. The first was set out inMattatuck Museum-Mattatuck Historical Society v. Administrator,238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[t]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualification in doubtful cases. General Statutes §31-274 (c)." (Internal citations omitted; internal quotation marks omitted.)
The second guidepost indicates that this court's role is limited to determining whether that board's decision is "unreasonable, arbitrary, illegal or an abuse of discretion."United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988); Bennett v. Administrator,Unemployment Compensation Act, 34 Conn. App. 620, 626,642 A.2d 743 (1994). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and CT Page 9157 administration is entitled to "great deference." GriffinHospital v. Commission on Hospitals Health Care, 200 Conn. 489,496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023,107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see also Miller v.Administrator, 17 Conn. App. 441, 446, 553 A.2d 633 (1989).
The defendant has moved (#101) that Artnet's appeal to this court be dismissed on the basis that the plaintiff waited too long before appealing to this court and had not demonstrated good cause for the late appeal. General Statutes § 31-249a(a) provides that a decision of the board shall "become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party." The board is authorized to hear a late appeal "if the filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing." General Statutes § 31-249h states that the board shall adopt regulations which define "good cause" for purposes of late filings of appeals.
Regs., Conn. State Agencies § 31-237g-49 (d) provides that the Superior Court "shall determine whether the appealing party has shown good cause by reference to the reasonably prudent individual standard contained in subsection (c) of this section together with all relevant factors pertaining to good cause, including but not limited to those factors cited therein." Subsection (c) of this section of the regulations provides that a party may be excused for not filing a timely appeal "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the Board shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with the administrator and the employment security appeals division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the appeals division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the administrator or employment security appeals division; or the failure of the administrator, the appeals division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer exited; (ix) Where there is substantial prejudice to an adverse CT Page 9158 party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its appeal; (xi) Good faith error, provided that in determining whether good faith error constitutes good cause, the Board shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
The board's decision contained in bold print a notice that if the plaintiff wished to appeal, it must be done by April 27, 1995, the thirtieth day after March 28, 1995, the date of mailing of the decision. The board noted that the record disclosed that Artnet's president, Alex Rosenfeld, received notice of the board's decision on March 30, 1995, and intended to appeal the decision but left for Europe on April 16, 1995, approximately ten days before the appeal was to be filed. Mr. Rosenfeld returned to this country on April 30, 1995, but did not file an appeal to this court until May 20, 1995, approximately twenty-three days after it was due, because he was busy on other matters. The board concluded that the plaintiff had failed to show good cause for the delayed appeal, because, among other reasons, the press of business does not excuse a late filing.
This conclusion of lack of good cause for an untimely appeal is within the competence of the board of review and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, Unemployment Compensation Act, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds on the basis of the certified record that the board of review's motion to dismiss because of late filing is legally and logically based on the record of this case. Therefore, judgment hereby enters dismissing the plaintiff's appeal.[1]
So Ordered. CT Page 9159
Dated at Stamford, Connecticut, this 12th day of November, 1996.
WILLIAM B. LEWIS, JUDGE