[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Shirley H. Cromwell, filed a claim for unemployment compensation benefits against her former employer, Southern New England Telephone Co. (SNET). Cromwell claimed that since she left her job with SNET, after twenty two years of employment, because of a threatened layoff of employees, she was entitled to benefits. ("I accepted the retirement package because I was aware that the company was getting ready to reduce the work force. I got strong feelings that if I did not accept the package I'd be let go any way.") SNET contends that Cromwell voluntarily left her job by accepting an advantageous special pension offer, and hence was ineligible for unemployment benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted Cromwell's application for unemployment compensation benefits on the basis that she did not quit her job voluntarily but rather accepted the pension to avoid being terminated.
SNET appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ CT Page 916031-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Cromwell quit her job voluntarily without sufficient job-connected cause. The referee made the following factual findings: (1) Cromwell was in the top 40% to 50% in terms of longevity of the 175 employees in her department and the claim that she was in imminent danger of being laid off was not credible; and (2) Cromwell, also referred to herein as the claimant, never inquired of anyone in her company whether her job was in jeopardy, and no one in the company ever threatened to terminate her employment. The referee concluded that Cromwell left her job voluntarily and not for good cause attributable to the employer. Accordingly, the referee reversed the administrator's decision granting unemployment benefits.
In accordance with General Statutes § 31-249, Cromwell appealed this decision to the employment security appeals division board of review (board), asserting that she had left her employment involuntarily and under threat of an imminent layoff ("considering that my job could be in jeopardy . . . I thought it would be to my best interest to accept at that present time the offer which the company proposed. . . .") The board of review determined that the claimant had not filed a timely appeal from the referee's decision, citing General Statutes § 31-248 (a). This statute provides that one must appeal a referee's decision within twenty-one days after the decision is mailed. The board is authorized to hear a late appeal "if the filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing." General Statutes § 31-249h
states that the board shall adopt regulations which define "good cause" for purposes of late filings.
Regs., Conn. State Agencies § 31-237g-34 (c) provides that a party may be excused for not filing an appeal within twenty-one days after a referee's decision "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the Board shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with the administrator and the employment security appeals division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the appeals division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by CT Page 9161 the administrator or employment security appeals division; or the failure of the administrator, the appeals division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its appeal; (xi) Good faith error, provided that in determining whether good faith error constitutes good cause, the Board shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
In this case, the board determined that the referee's decision was mailed to the claimant on May 4, 1993, and that the appeal to the board was not filed until June 1, 1995, which the board characterized as "well beyond the statutorily prescribed twenty-one day appeal period." The board also noted that, even if the claimant were correct about not receiving notice of the referee's decision in 1993, she received a notice in February, 1994 that she had received benefits to which she was not entitled, but still did not appeal to the board at that time. The claimant said that she "was not aware that the reversal of the appeal could have been appealed a second time until now." According to the board, Cromwell had not demonstrated "good cause" for her tardy appeal and hence, in accordance with Regs., Conn. State Agencies § 31-237g-41,[1] the appeal was dismissed.
The claimant, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending that she left her job with SNET because of her fear of an impending reduction in work force and because a bad back had caused her to miss some time at work. In terms of her late filing, she claims that she did not understand either that the referee could reverse the administrator's decision, or that she had the right to appeal the referee's decision. ("It just appeared to me to be a mass of confusion.")
In terms of reviewing an appeal of this nature, the Superior Court has been given twin guideposts. The first was set out in CT Page 9162Mattatuck Museum-Mattatuck Historical Society v. Administrator,238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[t]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualification in doubtful cases. General Statutes § 31-274 (c)." (Internal citations omitted; internal quotation marks omitted.)
The second guidepost indicates that this court's role is limited to determining whether the board's decision is "unreasonable, arbitrary, illegal or an abuse of discretion."United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988); Bennett v. Administrator,Unemployment Compensation Act, 34 Conn. App. 620, 626,642 A.2d 743 (1994). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to "great deference." GriffinHospital v. Commission on Hospitals Health Care, 200 Conn. 489,496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023,107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see also Miller v.Administrator, 17 Conn. App. 441, 446, 553 A.2d 633 (1989).
The board of review's conclusion of ineligibility for benefits is based on its determination that the plaintiff waited over two years before appealing to the board and did not demonstrate good cause for this late filing. The referee's decision contained in bold print a notice concerning the right to appeal his decision. The notice of rights referred specifically to the necessity of appealing within twenty-one days. This conclusion of ineligibility for benefits is within the competence of the board of review and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator,Unemployment Compensation Act, 192 Conn. 104. 112, 470 A.2d 1196
(1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds on the basis of the certified record that the CT Page 9163 board of review was presented with sufficient evidence in the record of this case to justify the conclusions it reached. Therefore, its decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 12th day of November, 1996.
William B. Lewis, Judge