[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Ramonita Claudio, filed a claim for unemployment compensation benefits against her former employer, The TJX Companies, Inc. (TJX), for which she had worked for approximately seven years. Claudio claimed that her employment CT Page 9919 had been improperly terminated on or about June 15, 1995, and that she was entitled to benefits. TJX contends that Claudio was terminated because of her absence from work on a number of occasions, and, hence, that she was ineligible for unemployment benefits.
The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., granted Claudio's application for unemployment compensation benefits on the basis that she had not committed repeated wilful misconduct.
TJX appealed the administrator's decision to the Employment Security Appeals Division, pursuant to General Statutes §§ 31-241
and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Claudio, also referred to as the claimant, had been discharged for repeated wilful misconduct. The referee made the following factual findings: (1) the claimant did not appear for work on June 10, 1995, and did not contact her employer in advance or call another employee to cover her duties during this absence; (2) she also failed to appear for work on May 19, 1995, and December 12, 1994, again without prior notification to her employer on either occasion; and (3) the claimant knew that the employer had a requirement that employees notify the employer two hours in advance of any absence from work, but that the claimant had failed to so notify TJX of any of the above described absences.
The referee concluded that Claudio had been discharged for repeated acts of wilful misconduct, and was therefore ineligible for benefits. The referee determined that Claudio's failure to appear for work on June 10, 1995, was an act of wilful misconduct, and that the employer had proved that the absences on May 19, 1995, and December 12, 1994, were also acts of wilful misconduct. Accordingly, the referee reversed the administrator's decision granting benefits.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the Employment Security Appeals Division Board of Review (board of review), contending that she had not engaged in wilful misconduct. The claimant contended that, on June 10, 1995, she was obliged to go to Philadelphia to attend "an emergency baptism." The board, however, concluded that Claudio's absence on that date without prior notice to her employer was an act of wilful misconduct. The CT Page 9920 board also concluded that Claudio had "no explanation" for her previous two absences. Thus, the board affirmed the decision of the referee denying benefits to the claimant on the basis that she had ben discharged for repeated wilful misconduct.
The claimant, hereinafter referred to as the plaintiff, appeals to this court, pursuant to General Statutes § 31-249b, contending that she had did not engage in repeated wilful misconduct, and hence was eligible for benefits, because she gave her employer, TJX, advance notice that she would not be able to work on June 10, 1995.
In terms of reviewing an appeal of this nature, the Superior Court has been given twin guideposts. The first was set out inMattatuck Museum-Mattatuck Historical Society v. Administrator,238 Conn. 273, 278, 679 A.2d 347 (1996) as follows: "[t]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Internal citations omitted; internal quotation marks omitted.)
The second guidepost indicates that this court's role is limited to determining whether the board's decision is "unreasonable, arbitrary, illegal or an abuse of discretion."United Parcel Service, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988); Bennett v. Administrator. UnemploymentCompensation Act, 34 Conn. App. 620, 626, 642 A.2d 743 (1994). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to "great deference." Griffin Hospital v. Commission onHospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986); see also Miller v. Administrator, 17 Conn. App. 441, 446,553 A.2d 633 (1989).
In reviewing the decision of the board of review in this particular case, General Statutes § 31-249b should also be noted. It provides in pertinent part that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Section 519(a) of the Practice Book CT Page 9921 provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . . (b) [c]orrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
General Statutes § 31-236 (a)(2)(B), as it existed prior to October 1, 1995, provides in pertinent part that an individual is ineligible for benefits if he was discharged for "repeated wilful misconduct" or for "just cause."[1]
Section § 31-236-26 of the Regulations of Connecticut State Agencies describes wilful misconduct as an action done "intentionally or deliberately," with the intent that such conduct "have a detrimental effect on his employer."[2] In addition, to find that a discharge was made under the provisions of this regulation, the administrator must find that the individual committed two or more acts of wilful misconduct, not necessarily of the same nature; that the final act which actually caused or triggered the discharge of the employee constituted wilful misconduct; and that the first act of misconduct was committed "within the year immediately preceding the act which precipitated the discharge. . . ." Moreover, the regulation indicates that prior warnings of misconduct are to be considered.
Section 31-236-27 (a) of the Regulations provides that absenteeism does not necessarily constitute wilful misconduct unless "the individual did not have good cause for being absent from work, or the individual failed without justification to take those steps reasonably necessary to notify his employer of his absence and the reason therefor."[3] Subsection (b) of that regulation defines "good cause" as "any compelling personal circumstance, including illness, which would normally be recognized by the individual's employer as a proper excuse for absence, or which would prevent a reasonable person under the same conditions from reporting to work."
The court agrees with the board of review that Claudio's CT Page 9922 absence from work on June 10, 1995 was an act of wilful misconduct. The board's determination that there were two more acts of wilful misconduct, occurring on May 19, 1995, and December 26, 1994, all within the year preceding the absence which precipitated Claudio's discharge, is substantiated by the record of this case.
The board of review's conclusion of ineligibility for benefits based on Claudio's repeated wilful misconduct is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator,Unemployment Compensation Act, 192 Conn. 104, 112, 470 A.2d 1196
(1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in this case to justify the conclusions it reached, including that the three absences from work without prior notice to the employer constituted repeated acts of wilful misconduct within the prescribed time frame. Therefore, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 14th day of November, 1996.
William B. Lewis, Judge