[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Broderick P. Enoch, filed a claim for unemployment compensation benefits against the plaintiff, his former employer, Finocchio Brothers, Inc. (Finocchio), a corporation having a place of business in Stamford. Enoch claimed that, since he was discharged by Finocchio involuntarily and without misconduct on his part, he was entitled to benefits. Finocchio contends that Enoch voluntarily quit his job, and hence was ineligible for unemployment benefits. The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222
et seq., granted Enoch's application for unemployment compensation benefits on the basis that his job had been terminated without wilful misconduct on Enoch's part or for just cause.
The employer, Finocchio, appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and 31-242, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether Enoch, also referred to as the claimant, quit his job voluntarily without sufficient job-connected cause, or whether he had been discharged for reasons other than repeated wilful misconduct. The referee found as a fact that Enoch's employment was terminated because he had a accident while driving a company truck in the Bronx. The referee concluded that although the claimant may have been negligent in connection with the accident, his conduct did not constitute wilful misconduct. Accordingly, the referee affirmed the CT Page 8996 administrator's decision granting compensation.
In accordance with General Statutes § 31-249, the employer appealed this decision to the employment security appeals division board of review (board), asserting that Enoch had not been fired because of the accident in the Bronx, but rather he quit voluntarily due to an injury occurring in an unrelated accident after company hours. In a decision dated December 22, 1995, the board adopted the referee's finding of fact and her conclusion of eligibility for benefits. The board noted that the employer did not present any witness with first-hand knowledge of the events in question, and that the referee was justified in crediting the claimant's testimony that he had been discharged.
The employer, hereinafter referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b, contending that Enoch quit his job voluntarily and had not been fired. The board filed a return of record with the court, and a hearing was held before this court on August 2, 1996.
In terms of reviewing an appeal of this nature, the Superior Court has been given twin guideposts. The first was set out inMattatuck Museum-Mattatuck Historical Society v. Administrator,238 Conn. 273, 278, 679 A.2d 347 (1996) as follows: "[t]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualification in doubtful cases. General Statutes §31-274 (c)." (Internal citations omitted; internal quotation marks omitted.)
The second guidepost indicates that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not CT Page 8997 substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988); see also Bennett v. Administrator UnemploymentCompensation Act, 34 Conn. App. 620, 626, 642 A.2d 743 (1994).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United ParcelService. Inc. v. Administrator, supra, 209 Conn. 386, quotingBurnham v. Administrator, 184 Conn. 317, 323, 439 A.2d 1008
(1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to "great deference." Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986); see also Miller v. Administrator,17 Conn. App. 441, 446, 553 A.2d 633 (1989).
In reviewing the decision of the board of review in this case, General Statutes § 31-249b should also be noted. It provides in pertinent part that "[i]n any appeal, any finding of the referee or the board shall be subject to correction only to the extent provided by section 519 of the Connecticut Practice Book." Section 519(a) of the Practice Book provides in pertinent part: "[t]he court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. . . ." Practice Book § 519(b) provides in pertinent part: [c]orrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
General Statutes § 31-236 (a)(2)(A) provides in CT Page 8998 pertinent part that an individual is ineligible for benefits if "he has left suitable work voluntarily and without good cause; attributable to the employer."[1] This statute also provides that an individual is eligible for benefits "if he leaves suitable work . . . for good cause attributable to the employer, including leaving as a result of changes in conditions created by his employer." See also § 31-236-17 (a) of the Regulations of Connecticut State Agencies.[2] Section 31-236-18 of the Regulations of Connecticut State Agencies defines "voluntary leaving" as committing "the specific intentional act of terminating [one's] own employment." Section 31-236-19 of the Regulations states that in order to find that an employee left work for good cause attributable to the employer, it must appear that the reason for leaving "relates to wages, hours or . . . working conditions." Section 31-236-22 (a)(1)(A) of the Regulations provides that a determination that an individual voluntarily left suitable work for good cause attributable to the employer must be based on a finding, among other things, that the employer "substantially changed a working condition established in the employment agreement and such change had a significantly adverse effect upon the individual."
In the present case, the board determined that the plaintiff fired the claimant because he was basically incompetent to do his job, and that the claimant had not quit his job. This conclusion of eligibility for benefits is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather it acts as an appellate court to review the record certified and filed by the board of review."Finkenstein v. Administrator. Unemployment Compensation Act,192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
The court finds, on the basis of the certified record, that the board was presented with sufficient evidence in the record of this case to justify the conclusions it reached concerning the circumstances under which the claimant left his employment. Therefore, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.[3]
So Ordered. CT Page 8999
Dated at Stamford, Connecticut, this 15 day of November, 1996.
William B. Lewis, Judge