[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Moises Quinones filed a claim for unemployment compensation benefits against his former employer, Pitney-Bowes, Inc., of Stamford, hereinafter referred to as "employer." The employer contends that Quinones, hereinafter referred to as "claimant," who had been employed for approximately seven years as a cook, voluntarily left his job when he was offered a severance package. The employer contends that the claimant was never told that if he did not accept this package his job would be terminated.
The named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., denied the claimant's application for unemployment compensation benefits CT Page 14466 on the basis that he had left his job on April 30, 1997, on account of "job pressure," but had failed to seek a remedy or some kind of alternative from his employer.
Pursuant to General Statutes §§ 31-241 and 31-242, the claimant appealed the administrator's decision that he had left his job voluntarily and without good cause attributable to the employer to the employment security appeals division, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether the claimant "left suitable work voluntarily and without good cause attributable to employer."
Pursuant to General Statutes §§ 31-241 and 31-242, the claimant appealed the administrator's decision that he had left his job voluntarily and without good cause attributable to the employer to the employment security appeals division, where it was referred to an appeals referee for a hearing de novo. The referee stated that the issue was whether the claimant "left suitable work voluntarily and without good cause attributable to the employer."
The referee made the following factual findings: (1) the claimant left his job after being offered a severance package which included thirty-seven and one half days of severance pay; (2) the claimant was not told that his employment would be terminated if he refused to accept this package; (3) the claimant had a suitable job with the employer at the time he was offered a severance package; and (4) the claimant accepted the severance package and left his employment voluntarily and without good cause attributable to the employer
The referee concluded that the claimant left "to take advantage of the severance package." The referee also determined that the claimant's job at Pitney-Bowes, Inc. was suitable for the claimant, and accordingly the referee affirmed the administrator's decision denying unemployment benefits.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security appeals division board of review (board of review), asserting that he felt "stress" while employed. The board of review determined that the claimant never sought medical attention until after he left his job. The board also found that the claimant never brought his medical problems to the attention of the CT Page 14467 employer nor did he seek alternatives aimed at improving his health. The board also considered the claimant's argument that he had heard "rumors" from co-workers that if the claimant did not accept the severance package he would be fired. The board discounted this contention because if found that the claimant did not go to the employer and inquire about his job status in the event that he rejected the severance package.
The board said the issue in the appeal was whether the claimant accepted the severance package because he "reasonably believed" that his employment would otherwise be terminated. The board adopted the referee's findings of fact and affirmed the denial of benefits to the claimant on the basis that because "the claimant did not hold a reasonable belief [that his job would be eliminated] we find that his separation was voluntary."
The claimant, hereinafter referred to as the plaintiff, then appealed to this court pursuant to General Statutes § 31-249b. The plaintiff contended that he had been involuntarily terminated by Pitney-Bowes, Inc. and was entitled to unemployment benefits.
In terms of reviewing an appeal of this nature, the Superior Court has been given twin guideposts. The first was set out inMattatuck Museum-Mattatuck Historical Society v. Administrator,238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[t]he [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274(c)." (Internal citations omitted; internal quotation marks omitted.)
The second guidepost indicates that this court's role is limited to determining whether that board's decision is "unreasonable, arbitrary, illegal or an abuse of discretion."United Parcel Service. Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988); Bennett v. Administrator.Unemployment Compensation Act, 34 Conn. App. 620, 626,642 A.2d 743 (1994). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to "great deference." Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496, CT Page 14468512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986); see also Miller v. Administrator,17 Conn. App. 441, 446, 553 A.2d 633 (1989).
The defendant has moved (#101) that the plaintiff's appeal to this court be dismissed on the basis that the plaintiff waited too long before appealing to this court and had not demonstrated good cause for the late appeal. General Statutes § 31-249a(a) provides that a decision of the board shall "become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party." The board is authorized to hear a late appeal "if the filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing." General Statutes § 31-249h states that the board shall adopt regulations which define "good cause" for purposes of late filings of appeals.
Regs., Conn. State Agencies § 31-237g-49 (defendant) provides that the Superior Court "shall determine whether the appealing party has shown good cause by reference to the reasonably prudent individual standard contained in subsection (c) of this section together with all relevant factors pertaining to good cause, including but not limited to those factors cited therein." Subsection (c) of this section of the regulations provides that a party may be excused for not filing a timely appeal "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the Board shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with the administrator and the employment security appeals division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the appeals division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the administrator or employment security appeals division; or the failure of the administrator, the appeals division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) CT Page 14469 Coercion or intimidation which prevented the party from promptly filing its appeal; (xi) Good faith error, provided that in determining whether good faith error constitutes good cause, the Board shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence."
The board's decision contained in bold print a notice that if the plaintiff wished to appeal, it must be done by January 5, 1998, the thirtieth day after December 4, 1997, the date of mailing of the decision. The plaintiff did not offer any reason for his late appeal. The board concluded that the plaintiff had failed to show good cause for the delayed filing with this court.
This conclusion of lack of good cause for an untimely appeal is within the competence of the board of review and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator. Unemployment Compensation Act, 192 Conn. 104,112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute."Id., 113.
The court finds on the basis of the certified record that the board of review's motion to dismiss because of the late filing of an appeal to this court is legally and logically based on the record of this case. Therefore, judgment enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 17th day of December, 1998.
William B. Lewis, Judge