[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Hobart L. Braun (claimant), applied to the named defendant, the administrator of the Unemployment Compensation Act (administrator), General Statutes § 31-222 et seq., for unemployment compensation benefits. An examiner for the named defendant granted the application or claim on the basis that the claimant's employer, the plaintiff, Rent America (employer), for whom the claimant had worked two weeks, terminated the claimant's employment without any showing of deliberate misconduct.
The employer represented in writing that the claimant had been discharged for inadequate performance and also for comments to two female employees "with a hint of sexual harassment." The employer did not attend the hearing before the administrator which was held on March 9, 2000.
Pursuant to General Statutes §§ 31-241 and 31-242, the employer appealed the administrator's decision to the employment security appeals division, and the appeal was referred to a referee for a hearing de novo. The appeals referee scheduled a hearing for March 28, 2000, but the employer did not appear to pursue its appeal nor did it contact the appeals referee who thereupon dismissed the appeal.
The claimant filed a motion to "reopen" the referee's decision on the ground that the employer's representative had been stuck in traffic on I-95 while on his way to the hearing. The referee reopened the case and reassigned it for another hearing date, but indicated the granting of the motion was "conditional on the employer showing good cause for not attending the March 28, 2000 Referee's hearing." The hearing was CT Page 10738 rescheduled for May 4, 2000, at which time a representative of the employer attended the hearing but indicated that he was "not aware of the specifics which led to the failure to appear at the Referee's previously scheduled hearing." The referee then denied the motion to reopen for failure to show good cause.
In accordance with General Statutes § 31-249, the claimant appealed this decision to the employment security appeals division board of review (board). The board determined that the employer had not demonstrated "good cause" for the failure to appear at the referee's hearing because it did not "produce a witness with any evidence regarding the reason for the employer's failure to appear at the initial hearing." The board therefore dismissed the appeal in accordance with Section 31-237g-41 of the Regulations of Connecticut State Agencies.[1]
The employer, now referred to as the plaintiff, appeals to this court pursuant to General Statutes § 31-249b. In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own. . . ." (Citations omitted.) Cervantes v. Administrator, 177 Conn. 132,136, 411 A.2d 921 (1979). Another such guidepost is found in MattatuckMuseum-Mattatuck Historical Society v. Administrator, 238 Conn. 273,278, 679 A.2d 347 (1996), Where the court found that "the [unemployment compensation] act is remedial and, consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations CT Page 10739 omitted.) United Parcel Service, Inc. v. Administrator, 209 Conn. 381,385-86, 551 A.2d 724 (1988).
"As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" United Parcel Service, Inc. v. Administrator, supra,209 Conn. 386, quoting Burnham v. Administrator, 184 Conn. 317, 323,439 A.2d 1008 (1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospital v.Commission on Hospitals Health Care, 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781, 93 L.Ed.2d 819 (1986).
The board's determination that the plaintiff lacked good cause for its failure to appear at a scheduled hearing before the referee finds support in the record. The plaintiff's witness at the adjourned hearing before the referee agreed that he did not have any specific knowledge of the reason for the plaintiff's failure to appear before the referee at the original hearing on March 28, 2000.
Section 31-237g-26 (b)(1) of the Regulations of Connecticut State Agencies provides, among other things, that when a party fails to appear at a scheduled hearing before a referee, the referee may "issue a decision dismissing such appeal pursuant to subsection (f) hereunder, due to the failure of the appealing party to prosecute the appeal, if no error is apparent on the face of the record." Subsection (f) gives the right to any party whose appeal has been dismissed to file a motion to reopen, which is what the employer did in this present appeal. Subsection (g) provides that "good cause shall include such factors listed in Section 31-237g-15 (b) of these regulations as may be relevant to a party's failure to appear."[2]
The board's conclusion that the plaintiff had failed to demonstrate good cause for its failure to appear at the hearing before the referee is within the board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkenstein v. Administrator, 192 Conn. 104, 112, 470 A.2d 1196
(1984). "Our standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113. CT Page 10740
The court finds, on the basis of the certified record, that the board was justified in the present case in reaching its conclusion concerning whether the plaintiff had shown good cause for its failure to appear at the scheduled hearing before the referee. Therefore, the board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal in accordance with the administrator's motion (#101) for judgment dated September 5, 2000.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of August, 2001.
William B. Lewis, Judge T.R.